

**Sarah L. Brew**
*Partner*
+1 612 766 7470
sarah.brew@FaegreBD.com

Faegre Baker Daniels LLP
2200 Wells Fargo Center ▾ 90 South Seventh Street
Minneapolis ▾ Minnesota 55402-3901
Phone +1 612 766 7000
Fax +1 612 766 1600

October 16, 2017

S<small>UBMITTED VIA</small> ECF

The Honorable Analisa Torres
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 100007-1312

      Re:    *Gregorio v. Premier Nutrition Corp.*, Case 1:17-cv-05987-AT
             Pre-Motion Letter for Motion to Dismiss

Dear Judge Torres:

      We represent Defendant Premier Nutrition Corporation ("Premier Nutrition") in this action. We are writing under Section III(B)(iii) of Your Honor's Individual Practices to summarize Premier Nutrition's anticipated motion to dismiss and to respectfully request that Your Honor issue a briefing schedule for the motion. The parties exchanged pre-motion letters as required by Section III(B)(ii) of Your Honor's Individual Practices, but Plaintiff Joseph Gregorio ("Plaintiff") declined to amend his Complaint to address any of its deficiencies.

      This action is premised on Plaintiff's conclusory allegation that none of Premier Nutrition's Premier Protein® products—either its ready-to-drink (RTD) shakes or its protein bars—contain the amount of protein displayed on their respective labels. (Compl. ¶¶ 1-2). Plaintiff seeks to bring consumer protection claims on behalf of "all persons in the states of California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington that purchased the Products," and he seeks to bring claims for breach of warranty, violation of the Magnuson-Moss Warranty Act, and unjust enrichment on behalf of "all persons in the United States that purchased the Products." (*Id.* ¶ 21).

      According to the Complaint, Plaintiff purchased some unspecified Premier Protein® shakes labeled "30 g[rams] PROTEIN" from a New York Walmart in the summer of 2016. (*Id.* ¶ 6). Plaintiff does not allege how many or what type of shakes he purchased. He also does not

allege that he purchased any protein bars. Plaintiff alleges that, based upon unspecified "testing commissioned by Plaintiff's attorneys," some unidentified shakes "were only shown to contain between 26.9 and 28.34 grams" of protein. (*Id.* ¶ 11). Plaintiff similarly alleges that, based upon unspecified "testing commissioned by Plaintiff's attorneys," other unidentified "Protein Bar Products were only shown to contain 25.9 grams per bar." (*Id.* ¶ 13). Based solely on Plaintiff's unspecified purchase and Plaintiff's attorneys' unspecified testing, Plaintiff claims that he and every purchaser of a shake or bar suffered an injury. (*Id.* ¶ 3).

Plaintiff's Complaint falters on both jurisdictional and substantive grounds. The Complaint should be dismissed for the following reasons:

First, Plaintiff's nationwide class allegations (Counts IV, V, and VI) and multi-state class allegations (Count I) fail for lack of personal jurisdiction under *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017). Premier Nutrition is a Delaware corporation with its headquarters in California, and it is therefore not subject to general jurisdiction in New York. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 754 & n.11, 760-61 (2014). Under the Due Process Clause of the Constitution, New York courts thus have jurisdiction over Premier Nutrition only for claims arising out of Premier Nutrition's New York activities. *See id.* at 754. The Complaint, however, does not demonstrate this connection for the alleged class members who live outside New York, and the claims of all those non-New Yorkers must therefore be dismissed. *See Bristol-Myers*, 137 S. Ct. at 1781; *Spratley v. FCA US LLC*, 2017 WL 4023348, at *6-7 (N.D.N.Y. Sept. 12, 2017); *In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017); *Wenokur v. AXA Equitable Life Ins. Co.*, 2017 WL 4357916, at *4 n.4 (D. Ariz. Oct. 2, 2017).

Second, Plaintiff's Magnuson-Moss Warranty Act ("MMWA") claim fails because ingredient and nutrient content statements on food labels—such as "30g protein"—are not warranties under the MMWA. *See, e.g.*, *Ivie v. Kraft Foods Global, Inc.*, 2013 WL 685372, at *14 (N.D. Cal. 2013); *In re Frito–Lay N. Am. Inc. All Nat'l Litig.*, 2013 WL 4647512, at *17 (E.D.N.Y. Aug. 29, 2013); *see also* 15 U.S.C. § 2301(6)(A); *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 378 (S.D.N.Y. 2014).

Third, Plaintiff's claim for unjust enrichment is impermissibly based on the same factual allegations set forth to support his consumer protection and express warranty claims and must therefore be dismissed as duplicative. *See Bautista v. CytoSport*, 223 F. Supp. 3d 182, 194 (S.D.N.Y. 2016); *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 296-97 (S.D.N.Y. 2015); *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790-91 (N.Y. 2012).

Fourth, Plaintiff does not have standing to seek forward-looking injunctive relief (as opposed to backwards-looking damages) because he has not alleged that he is at risk of "a 'real or immediate threat'" of future injury. *Nicosia v. Amazon.com, Inc*., 834 F.3d 220, 239 (2d Cir. 2016). Plaintiff has not alleged that he will buy Premier Protein® shakes again or the protein bars at all. His claims for injunctive relief must be dismissed for lack of Article III standing. *See Sitt v. Nature's Bounty, Inc.*, 2016 WL 5372794, at *6-7 (E.D.N.Y. Sept. 26, 2016); *Albert v. Blue Diamond Growers*, 2015 WL 9450579, at *4-5 (S.D.N.Y. Oct. 21, 2015).

Fifth, the Complaint does not state a plausible claim under Rules 8(a) and 12(b)(6), as applied by *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff claims that none of Premier Nutrition's shakes or bars contains the amount of protein stated on their labels, but this claim is not supported by well-pleaded factual allegations. Instead, Plaintiff alleges simply that: (1) he purchased an unspecified number, flavor, and size, of unidentified Premier Protein shakes at some unspecified point in the summer of 2016; and (2) there was some unspecified "testing commissioned by Plaintiff's attorneys" in which some unspecified shakes "were only shown to contain between 26.9 and 28.34 grams" of protein and other unspecified bars "were only shown to contain 25.9 grams per bar." (Compl. ¶¶ 6, 11, 13). These allegations are deficient for two key reasons. First, they do not adequately identify which shakes and bars are at issue, either by type, size, or date, and hence they do not give Premier Nutrition "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006). Second, the allegations do not describe the alleged testing with sufficient specificity to give the Court any plausible basis for concluding either that the methodology was valid or that the results can be reliably applied to any of Premier Nutrition's different products, much less all of them for all implicated time periods. To state a claim, Plaintiff must allege which products he purchased and when; which products his counsel tested and when; and what the protocol was for product sampling and testing and the method and factors used to calculate the protein amounts.

Sixth, Plaintiff does not state a claim because he fails to allege that he suffered any injury. Injury is an element for all of Plaintiff's claims.[1] Nonetheless, even though Plaintiff asserts claims against Premier Nutrition's protein bars, he does not allege that he ever purchased one of them, and hence he has failed to allege any injury caused by those bars. *See Weiner v. Snapple Beverage Corp.*, 2010 WL 3119452, at *13 (S.D.N.Y. Aug. 5, 2010); *USAlliance Fed. Credit Union v. CUMIS Ins. Soc., Inc.*, 346 F. Supp. 2d 468, 473 (S.D.N.Y. 2004). As to Premier Nutrition's shakes, although Plaintiff alleges that he bought at least one of them, for the reasons given above, the Complaint's conclusory allegations regarding some unspecified testing of some unspecified number and type of products do not plausibly establish that the shake Plaintiff purchased contained less than the stated 30g of protein. *See Wallace v. ConAgra Foods*, 747 F.3d 1025, 1029-31 (8th Cir. 2014); *Amidax Trading Grp. V. S.W.I.F.T. SCRL*, 671 F.3d 140, 146-49 (2d Cir. 2011); *In re Kind LLC "Healthy and All Natural" Litig.*, 209 F. Supp. 3d 689, 697-98 (S.D.N.Y. 2016).

Furthermore, even if Plaintiff had pleaded an injury, his request for damages should be limited to the portion of the purchase price attributable to the alleged misrepresentations. New York's consumer protection statutes do not allow recovery of the full purchase price. *See Dash v. Seagate Technology*, 27 F. Supp. 3d 357, 361 (E.D.N.Y. June 30, 2014); *Serevedio v. State Farm*

---

[1] *See Weisblum v. Prophase Labs., Inc.*, 88 F. Supp. 3d 283, 292-93 (S.D.N.Y. 2015) (to state a prima facie claim under N.Y.G.B.L. § 349 or § 350, the plaintiff must allege that he "suffered injury as a result of the allegedly deceptive act of practice"); *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F.Supp.3d 467, 482 (S.D.N.Y.2014) (New York breach of express warranty claims require "injury to the buyer caused by the breach"); *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (New York unjust enrichment claim must establish that the defendant benefitted "at the plaintiff's expense"); 15 U.S.C. § 2310(d) ("a consumer who is damaged by the failure of a supplier . . . to comply with . . . a written warranty . . . may bring a suit for damages").

*Ins. Co.*, 889 F. Supp. 2d 450, 452 (E.D.N.Y. 2012); *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (1999). Similarly, the proper measure of damages for a breach-of-warranty claim is not the full purchase price, but rather the difference between the goods as accepted and the value of the goods as warranted. N.Y.U.C.C. § 2-714(2); *BMW Grp., LLC v. Castle Oil Corp.* 29 N.Y.S.3d 253, 257-58 (1st Dep't 2016). The demands for anything more should be dismissed.

Finally, Plaintiff's claims are preempted because the Complaint fails to allege that the products were tested and found deficient under the 12-sample test method established by FDA in 21 C.F.R. § 101.9(g). *See, e.g.*, *Baker v. NNW, LLC*, 2015 WL 12843827, at *3-4 (W.D. Mo. July 8, 2015) (dismissing claims as preempted where plaintiff failed to allege that he subjected nutrient content claim to Section 101.9(g) testing); *Salazar v. Honest Tea*, *Inc.*, 74 F. Supp. 3d 1304, 1313 (E.D. Cal. 2014) (holding that without allegations of testing under 21 C.F.R. § 101.9(g), plaintiff's state law claims were preempted); *Vital v. One World Co.*, 2012 U.S. Dist. LEXIS 186203, at *14 (C.D. Cal. Nov. 30, 2012) (holding that testing not in compliance with 101.9(g) methodology could not support claims that defendant misstated nutrient content).

For all of the above reasons, Premier Nutrition seeks dismissal of Plaintiff's Complaint and respectfully requests that Your Honor issue a briefing schedule for the motion.

    Respectfully submitted,

    FAEGRE BAKER DANIELS LLP

    _/s/ Sarah L. Brew_____
    Sarah L. Brew (admitted *pro hac vice*)
    Aaron D. Van Oort (admitted *pro hac vice*)
    90 S. 7th St., Suite 2200
    Minneapolis, MN 55402
    (612) 766-7000
    sarah.brew@faegrebd.com
    aaron.vanoort@faegrebd.com

    LEADER & BERKON LLP

    Joshua K. Leader
    630 Third Avenue
    New York, NY 10017
    (212) 486-2400
    jleader@leaderberkon.com

    *Attorneys for Defendant*
    *Premier Nutrition Corporation*