**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOSEPH GREGORIO, individually and on behalf of all others similarly situated,

                            Plaintiff,

      v.

PREMIER NUTRITION CORPORATION,

                          Defendant.

Civil Action No. 1:17-cv-05987-AT

---

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING
SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVE,
APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN**

WHEREAS, a class action is pending before the Court entitled *Gregorio v. Premier Nutrition Corporation*, No. 1:17-cv-05987-AT; and

WHEREAS, Plaintiff Joseph Gregorio and Defendant Premier Nutrition Corporation have entered into a Class Action Settlement Agreement, which, together with the exhibit attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached to;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      The Parties have moved the Court for an order approving the settlement of the

Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 5 of this Order.

3.    This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4.    The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

**Final Approval Hearing**

5.    The Final Approval Hearing shall be held before this Court on **September 7,**

2018, at 11:30 a.m. [*suggested date of 120 days after entry of this Order*] in Courtroom 15D at

the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York

to determine (a) whether the proposed settlement of the Action on the terms and conditions

provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given

final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should

be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class

Counsel; and (d) whether to approve the payment of an incentive award to the Class

Representative.  The Court may adjourn the Final Approval Hearing without further notice to

members of the Settlement Class.

      6.     Class Counsel shall file papers in support of their Fee Award and Class

Representatives' Incentive Awards (collectively, the "Fee Petition") with the Court on or before

July 25, 2018 [*suggested date of 76 days after entry of this Order, (i.e., 14 days before the*

*Objection/Exclusion Deadline)*.]  Defendant may, but is not required to, file a response to Class

Counsel's Fee Petition with the Court on or before August 15, 2018 [*suggested date of 21 days*

*before Final Approval hearing.*]  Class Counsel may file a reply in support of their Fee Petition

with the Court on or before August 22, 2018 [*suggested date of 14 days before Final Approval*

*hearing.*]

      7.     Papers in support of final approval of the Settlement Agreement and any

supplementation to the Fee Petition shall be filed with the Court on or before August 22, 2018

[*suggested date of 14 days before Final Approval hearing.*]

**Certification of the Settlement Class**

      8.     For purposes of settlement only: (a) Bursor & Fisher, P.A. and Barbat, Mansour

& Suciu PLLC are appointed Class Counsel for the Settlement Class; and (b) Joseph Gregorio is

named Class Representative.  The Court finds that these attorneys are competent and capable of

exercising the responsibilities of Class Counsel and that Plaintiff Gregorio will adequately

protect the interests of the Settlement Class defined below.

     9.     For purposes of settlement only, the Court conditionally certifies the following

Settlement Class as defined in the Settlement Agreement:

> [A]ll persons in the United States (including its states, districts, or
> territories) who purchased Premier Protein Ready-To-Drink Protein
> Shakes from August 8, 2011 to the Notice Date.  Excluded from the
> Settlement Class are (1) any Judge or Magistrate presiding over this
> Action and members of their families; (2) the Defendant, Defendant's
> subsidiaries, parent companies, successors, predecessors, and any entity in
> which the Defendant or its parents have a controlling interest and their
> current or former officers, directors, agents, attorneys, and employees; (3)
> persons who properly execute and file a timely request for exclusion from
> the class; and (4) the legal representatives, successors, or assigns of any
> such excluded persons.

     10.     The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5

below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and,

solely within the context of and for the purposes of settlement only, that the Settlement Class

satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that:

the Settlement Class is so numerous that joinder of all members is impracticable; there are

questions of fact and law common to the Settlement Class (*e,g.*, whether Defendant misstated the

amount of protein content on its RTD products' labeling); the claims of the Class Representative

are typical of the claims of the members of the Settlement Class; the Class Representative and

Class Counsel will fairly and adequately protect the interests of the members of the Settlement

Class; common questions of law or fact predominate over questions affecting individual

members; and a class action is a superior method for fairly and efficiently adjudicating the

Action.

11.     If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification shall be vacated, and the Class Representative and the Settlement Class will once again bear the burden of establishing the propriety of class certification.  In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

12.     The Court approves ~~as to form, content, and distribution, the Media Plan set forth in the Settlement Agreement, and~~ the Media Plan set forth in the Settlement Agreement with the following change.  All Class Members for whom name and contact information is known to PNC or provided by the Potential Settlement Class Member Data Sources shall, by **June 28, 2018**, receive a direct notice in the form of email (where an email address is available) and a mailed postcard (regardless of whether an email address can be ascertained).  *Contra* Brown Decl. ¶ 14(1).  In addition, to supplement the direct notice campaign, the Notice Plan shall include a paid media component also to begin by **June 28, 2018**.  *Contra* Brown Decl. ¶ 14(2).  The Court finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure.  The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process.  The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class.  In addition, the Court finds that

no notice other than that specifically identified in the Settlement Agreement is necessary in this Action.  The Parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.  The Court has reviewed the Supplemental Declaration of Philip L. Fraietta, ECF No. 59, and finds that the proposed notice is sufficient with one modification—any mention of the date of the final fairness hearing shall include language that the Court may adjourn the date and time of the final fairness hearing, and directing the class members to a telephone number for Plaintiff's counsel to confirm the date and time. On **August 22, 2018**, the Settlement Administrator shall provide the Court with a supplemental declaration describing the results of the notice effort, including a chart containing how many people were reached, how many have filed a claim, and the value of each claim.

13.     The Court has reviewed and approves the subpoenas to Costco and Sam's Club attached as Exhibits D and E of the April 2, 2018 Declaration of Philip L. Fraietta.  Class Counsel is directed to serve those subpoenas within five (5) business days of the date of this Order.

14.     The Court approves the request for the appointment of BrownGreer PLC as Settlement Administrator of the Settlement Agreement.

15.     Pursuant to paragraph 4 of the Settlement Agreement, by **June 28, 2018,** the Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement Website and to send direct notice via U.S. Mail and email in accordance with the Media Plan called for by the Settlement Agreement and Paragraph 12 of this Preliminary Approval Order. By **June 28, 2018,** Tthe Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

**Submission of Claims and Requests for Exclusion from Class**

16.     Members of the Class who wish to receive benefits under the Settlement Agreement must complete and submit a timely and valid Claim Form(s) in accordance with the instructions contained therein.  All Claim Forms must be postmarked or received by the Settlement Administrator within ~~forty-five (45) days after the date of the entry of the Final Judgment~~by **August 17, 2018**.

17.     Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" from the Class.  Any such person may do so if, on or before the Objection/Exclusion Deadline, which the Court orders to be set as 60 days after the Notice Date, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice.  Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

18.     Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline.  The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class member's name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement.  Each request for exclusion must be submitted individually.  So called "mass" or "class" opt-outs shall not be allowed.

19.     Individuals who opt out of the Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims.  However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of

the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Appearances and Objections**

20.     At least twenty-one (21) calendar days before the Settlement Hearing, any person who falls within the definition of the Settlement Class and who does not request exclusion from the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  ~~Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.~~

21.     Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Notice and Settlement Agreement.  At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the settlement website.  Members of the Class may object on their own, or may do so through separate counsel at their own expense.

22.     To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline, which the Court orders to be set as 60 days after the Notice Date~~.~~.  To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice.  Specifically, the objection must contain a caption or title that identifies it as "Objection to Class Settlement in *Gregorio v. Premier Nutrition Corporation*," contact and address information for the objecting Settlement Class Member,

8

documents sufficient to establish the person's standing as a Settlement Class Member (either

verification under oath of the date and location of a purchase of Premier Protein Shake Products

with the Settlement class period or a receipt reflecting such purchase), the facts supporting the

objection, and the legal grounds on which the objection is based, the name and contact

information of any and all attorneys representing, advising, or in any way assisting him or her in

connection with the preparation or submission of the objection or who may profit from the

pursuit of the objection (the "Objecting Attorneys"), and a statement indicating whether he or

she intends to appear at the Final Approval Hearing (either personally or through counsel who

files an appearance with the Court in accordance with Southern District of New York Local

Rules).  If a Settlement Class Member or any of the Objecting Attorneys has objected to any

class action settlement where the objector or the Objecting Attorneys asked for or received any

payment in exchange for dismissal of the objection, or any related appeal, without any

modification to the settlement, then the objection must include a statement identifying each such

case by full case caption. Class Counsel and Defendant's Counsel may ~~conduct~~petition the Court

for discovery of any objector to determine whether the objector has standing as a Settlement

Class Member.

    23.    Members of the Class who fail to file and serve timely written objections in

compliance with the requirements of this paragraph and the Settlement Agreement shall be

deemed to have waived any objections and shall be foreclosed from making any objections

(whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in

paragraph 5, above, *i.e.* (a) whether the proposed settlement of the Action on the terms and

conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should

be given final approval by the Court; (b) whether a judgment and order of dismissal with

prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative.

24.     To be valid, objections must be filed with ~~the Court and sent to the following: Class Counsel Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019; and Defendant's Counsel Aaron D. Van Oort of Faegre Baker Daniels, LLP, 90 South Seventh Street, Minneapolis, MN 55402.~~ or mailed to the Court (Honorable Analisa Torres, 500 Pearl Street, New York, New York, 10012). In addition, any objections made by a Class member represented by counsel must be filed through the Court's CM/ECF system.

**Further Matters**

25.     All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

26.     Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

28.     Any Settlement Class Member who does not timely and validly submit a claim: (a) shall be ~~forever~~ barred from participating in any distributions of the Settlement Fund; (b) shall be bound by the provisions of the Settlement Agreement and all proceedings,

determinations, orders and judgments in the Action relating thereto, including, without

limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for

therein, whether favorable or unfavorable to the Class; and (c) shall ~~forever~~ be barred and

enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or

intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in

any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a

representative capacity, that is based upon or arises out of any or all of the Released Claims

against any of the Defendant and the other Released Parties, as more fully described in the

Settlement Agreement.

29.     If the Settlement Agreement is not approved by the Court in complete accordance

with its terms, each party will have the option of having the Action revert to its status as if the

Settlement Agreement had not been negotiated, made, or filed with the Court.  In such event, the

parties will retain all rights as if the Settlement Agreement was never agreed upon.

30.     In the event that the Settlement Agreement is terminated pursuant to the

provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not

become Final then (i) the Settlement Agreement shall be null and void, including any provision

related to the award of attorneys' fees, and shall have no further force and effect with respect to

any party in this Action, and shall not be used in this Action or in any other proceeding for any

purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in

connection therewith shall be without prejudice to any person or party hereto, shall not be

deemed or construed to be an admission by any party of any act, matter, or proposition, and shall

not be used in any manner or for any purpose in any subsequent proceeding in this Action or in

any other action in any court or other proceeding, provided, however, that the termination of the

Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

IT IS SO ORDERED, this _____ day of _____, 2018.

_____
The Honorable Analisa Torres
United States District Judge