**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH GREGORIO, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>   v.<br><br>PREMIER NUTRITION CORPORATION,<br><br>                   Defendant. | Civil Action No. 17-cv-05987-AT |

## FIRST AMENDED CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiff, Joseph Gregorio ("Plaintiff"); (ii) the Settlement Class (as defined herein); and (iii) Defendant, Premier Nutrition Corporation ("Defendant" or "Premier").  The Settlement Class and Plaintiff are collectively referred to as the "Plaintiffs" unless otherwise noted.  The Plaintiff and the Defendant are collectively referred to herein as the "Parties."  This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.     This putative class action was filed on August 8, 2017 in the United States District Court for the Southern District of New York, and brought claims for violations of the consumer protection laws of various states, New York's General Business Laws §§ 349 & 350, breach of express warranty, unjust enrichment, and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*  (Dkt. 1).

B.      In response to the complaint and pursuant to the Court's Individual Practices, on

September 27, 2017, Defendant's counsel served a letter on Plaintiffs' counsel outlining its bases

for a motion to dismiss under Rules 12(b)(1), 12(b)(2), and 12(b)(6), arguing, *inter alia*, that

Plaintiffs lacked Article III standing, that the Court lacked personal jurisdiction over some of

Plaintiffs' claims, and that Plaintiffs failed to state a claim upon which relief could be granted.

C.      On October 5, 2017, the Court held an initial scheduling conference pursuant to

Fed. R. Civ. P. 16 and thereafter entered a scheduling Order.  (Dkt. 27).  The Parties have since

exchanged written discovery on the merits of the case and commenced document discovery.  The

Parties also held several meet and confer conferences to resolve discovery issues, including in

connection with electronically stored information.

D.      On October 16, 2017, Defendant filed a letter requesting a pre-motion conference

on its motion to dismiss.  (Dkt. 28).  After the Court granted Defendant permission to file its

motion, on November 27, 2017, Defendant filed its motion to dismiss under Rules 12(b)(1),

12(b)(2), and 12(b)(6).  (Dkt. 33).

E.      On December 10, 2017, Plaintiff filed his Amended Class Action Complaint as of

right.  (Dkt. 35).

F.      On January 2, 2018, Defendant filed a motion to dismiss Plaintiff's Amended

Class Action Complaint under Rules 12(b)(1), 12(b)(2), and 12(b)(6).  (Dkt. 36).  Plaintiff filed

his opposition brief on January 15, 2018 (Dkt. 38), and Defendant filed its reply brief on January

22, 2018 (Dkt. 40).

G.      On April 5, 2018, Plaintiff filed a Second Amended Class Action Complaint.

(Dkt. 57).

H.      From the outset of the case, and including during the pendency of the motion to

dismiss, the Parties engaged in direct communications, and as part of their obligations under Fed.

2

R. Civ. P. 26, discussed the prospect of an early resolution.  Those discussions eventually led to an agreement between the Parties to engage in early mediation, which the Parties agreed would take place before Martin Quinn, Esq., who is a neutral affiliated with JAMS San Francisco.

I.      As part of the mediation, and in order to competently assess their relative negotiating positions, the Parties exchanged informal discovery, including on issues such as the size and scope of the putative class.  This information, together with the formal discovery the Parties had already conducted, was sufficient to assess the strengths and weakness of the claims and defenses.

J.      The mediation took place on January 22, 2018 at JAMS's offices in San Francisco and lasted approximately nine hours.  The Parties engaged in good faith negotiations, which at all times were at arms' length.  Towards the end of the mediation, Mr. Quinn made a mediator's proposal to settle the case, which the Parties accepted.

K.      Thereafter, the Parties memorialized their agreement into a Class Action Settlement Agreement, and, on April 2, 2018, Plaintiff moved for preliminary approval of the Class Action Settlement Agreement.  (Dkt. 51).

L.      On May 14, 2018, the Court granted Plaintiff's motion for preliminary approval. (Dkt. 62).

M.      Thereafter, the Parties worked with the Settlement Administrator on effectuating class notice.  In that process, the Parties renegotiated some of the terms of their Class Action Settlement and agreed to enter into the foregoing First Amended Class Action Settlement Agreement.

N.      At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action.  Defendant believes

that the claims asserted in the Action do not have merit and that Defendant would have prevailed at summary judgment or trial.  Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.  This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it will not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class.

O.     Plaintiff believes that the claims asserted in the Action against Defendant have merit and that he would have prevailed at summary judgment and/or trial.  Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiff may not prevail.  Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals.  Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation.  Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice.  Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through its undersigned

counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims will be finally and fully compromised, settled, and released, and the Action will be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

<div align="center"><u>**AGREEMENT**</u></div>

1.    **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1    **"Action"** means *Gregorio v. Premier Nutrition Corp.*, Case No. 1:17-cv-05987-AT, pending in the United States District Court for the Southern District of New York.

1.2    **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.

1.3    **"Claim Form"** means the document to be submitted by Settlement Class Members seeking a cash payment pursuant to this Settlement Agreement. The Claim Form will be available online at the Settlement Website (defined at paragraph 1.34 below) and the contents of the Claim Form will be substantially in the form attached hereto as Exhibit A, approved by the Court.

1.4    **"Claimant"** means a Settlement Class Member who submits a claim for cash payment as described in Section 2 of this Settlement Agreement.

**1.5**    **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and will be set as a date no later than forty-five (45) days after entry of the Settlement Approval Order and Final Judgment.  The Claims Deadline will be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

**1.6**    **"Class Counsel"** means the law firms of Bursor & Fisher, P.A. and Barbat, Mansour & Suciu, PLLC.

**1.7**    **"Class Notice"** means the Court-approved "Notice of Class Action Settlement."

**1.8**    **"Class Representative"** means the named Plaintiff in this Action, Joseph Gregorio.

**1.9**    **"Court"** means the United States District Court for the Southern District of New York, the Honorable Analisa Torres presiding, or any judge who will succeed her as the Judge in this Action.

**1.10**    **"Defendant"** means Premier Nutrition Corporation.

**1.11**    **"Defendant's Counsel"** means the law firms of Faegre Baker Daniels, LLP and Leader & Berkon, LLP.

**1.12**    "**Fee Award"** means the amount of attorneys' fees and reimbursement of expenses and costs awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.13**    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Settlement Approval Order and Final Judgment to be entered by the Court approving the Settlement Agreement and Plaintiff will request the Court to approve the Fee Award and the Incentive Award to the Class Representative.

**1.14**    **"Final Settlement Approval Date"** means one business day following the latest of the following events:  (i) the date upon which the time expires for filing or noticing any appeal

of the Court's Settlement Approval Order and Final Judgment approving the Settlement

Agreement, if no appeal has been filed; (ii) if there is an appeal or appeals, other than an appeal

or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally

affirms and leaves in place the Final Judgment without any material modification, of all

proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of

all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all

proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or

appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the

final dismissal of any proceeding on *certiorari*.

      **1.15** **"Incentive Award"** means any award approved by the Court that is payable to

the Plaintiff from the Settlement Fund.

      **1.16** **"Media Plan"** means the Settlement Administrator's plan to disseminate Class

Notice to Settlement Class Members.  The Media Plan will include an email notice, a postcard

notice, a long form notice that will be available on the Settlement Website, internet banner

notice, and a press release. *See also* Paragraph 4.

      **1.17** **"Notice and Other Administrative Costs"** means all costs and expenses actually

incurred by the Settlement Administrator  in the publication of Class Notice, establishment of the

Settlement Website, providing CAFA notice, the processing, handling, reviewing, and paying of

claims made by Claimants, paying taxes and tax expenses related to the Settlement Fund

(including all federal, state, or local taxes of any kind and interest or penalties thereon, as well as

expenses incurred in connection with determining the amount of and paying any taxes owed and

expenses related to any tax attorneys and accountants).

      **1.18** **"Notice Date"** means the date of publication of notice pursuant to Paragraph 4of

this Agreement.

**1.19** **"Objection/Exclusion Deadline"** means the date to be set by the Court as the deadline for Settlement Class Members to submit objections and requests for exclusion.

**1.20** **"Person"** will mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.21** **"Plaintiff"** means Joseph Gregorio.

**1.22** **"Preliminary Approval"** means the Court's entry of an order preliminarily approving the terms and conditions of this Settlement Agreement, including the manner of providing, and content of, the notice to Settlement Class Members.

**1.23** **"Preliminary Approval Date"** means the date on which the Court enters an order granting Preliminary Approval.

**1.24** **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

**1.25** **"Premier Protein Shake Products"** means all individual and multi-pack Premier Protein-branded Ready-To-Drink Shake Products at issue in the Action: Vanilla, Chocolate, Strawberries & Cream, Bananas & Cream, Peaches & Cream, Cookies & Cream, Mixed Berry, Organic Chocolate, Organic Vanilla and Caramel flavors.

**1.26** **"Released Claims"** means the claims released pursuant to paragraph 6.1 of this Agreement.

**1.27**   **"Released Parties"** means Premier Nutrition Corporation, as well as any and all

of its respective present or past heirs, executors, estates, administrators, predecessors, successors,

assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers,

agents, consultants, independent contractors, insurers, and customers, including without

limitation employees of the foregoing, directors, managing directors, officers, partners,

principals, members, attorneys, accountants, financial and other advisors, underwriters,

shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest,

assigns and companies, firms, trusts, and corporations.

**1.28**   **"Releasing Parties"** means Plaintiff, those Settlement Class Members who do

not timely opt out of the Settlement Class, and all of their respective present or past heirs,

executors, estates, administrators, predecessors, successors, assigns, parent companies,

subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent

contractors, insurers, directors, managing directors, officers, partners, principals, members,

attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors,

investment advisors, legal representatives, successors in interest, assigns and companies, firms,

trusts, and corporations.

**1.29**    **"Settlement Administrator"** means a reputable administration company that has

been selected jointly by the Parties and approved by the Court to perform the duties set forth in

this Agreement.

**1.30**   **"Settlement Class Members"** or **"Settlement Class"** means:

> All persons in the United States (including its states, districts, or
> territories) who purchased Premier Protein Ready-To-Drink
> Protein Shakes from August 8, 2011 to the Notice Date.  Excluded
> from the Settlement Class are (1) any Judge or Magistrate
> presiding over this Action and members of their families; (2) the
> Defendant, Defendant's subsidiaries, parent companies,
> successors, predecessors, and any entity in which the Defendant or
> its parents have a controlling interest and their current or former

officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

**1.31** **"Settlement Class Period"** means the period of time from August 8, 2011 to the Notice Date.

**1.32** **"Settlement Fund"** means the non-reversionary total cash commitment of Defendant for purposes of this settlement, as described in Section 2 of this Settlement Agreement with a total value of $9 million ($9,000,000.00 USD).  The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement.  The payment of the Settlement Amount by Defendant fully discharges the Defendant's and the other Released Parties' financial obligations (if any) in connection with the Settlement.

**1.33** **"Settlement Approval Order and Final Judgment"** means an order and judgment issued and entered by the Court, approving the Settlement Agreement as binding upon the Parties and the Settlement Class Members, dismissing the Action with prejudice, and setting the amount for an award of attorneys' fees, costs, and expenses not to exceed one-third of the total $9 million value of the Settlement Fund to Class Counsel by the Court.  The Settlement Approval Order and Final Judgment will constitute a final judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure.

**1.34** **"Settlement Website"** means a website to be established, operated, and maintained by the Settlement Administrator for purposes of providing notice and otherwise making available to the Settlement Class Members the documents, information, and online claims submission process referenced in paragraphs 2.4 through 2.6, below.

**1.35** **"Short Form Notice"** means the Court-approved form of notice for publication to Settlement Class Members, pursuant to the Media Plan.

**1.36** **"Supporting Counsel"** means the Consumer Law Group, PC.

**1.37** **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object, or not to object to the Settlement.  Upon the Final Settlement Approval Date, the Releasing Parties will be deemed to have, and will have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Final Settlement Approval Date, the Releasing Parties also will be deemed to have, and will have, waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to § 1542 of the California Civil Code.  The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**2.** **SETTLEMENT RELIEF.**

**2.1** **Payments to Settlement Class Members.**

**(a)** Defendant will pay a total of $9,000,000 in cash into the Settlement Fund for payment of the following:  (i) Approved Claims for cash benefits submitted by Settlement Class Members pursuant to paragraph 2.3 below; (ii) the Notice and Other Administrative Costs actually incurred by the Settlement Administrator as described in paragraph 4.3 below;  (iii) the

Fee Award, as described in paragraph 3.1 below; and (iv) any Incentive Award to the Plaintiff, not to exceed $5,000, as may be ordered by the Court and as described in paragraph 3.3 below.

**2.2     Schedule of Payments into Settlement Fund.**  Defendant will make payments into the Settlement Fund in accordance with the following schedule:

      **(a)**     *Notice and Other Administrative Costs*.  Amounts for the Notice and Other Administrative Costs, to be paid within thirty (30) days of when such amounts are invoiced to Defendant and become due and owing.

      **(b)**     *Fee Award*.  An amount equal to the Fee Award to be paid as described at paragraph 3.1, below.

      **(c)**     *Incentive Award*.  An amount equal to Plaintiff's Incentive Award as ordered by the Court, to be paid as described at paragraph 3.3, below.

      **(d)**     *Payment of Valid Cash Claims.*  An amount equal to $9,000,000.00, less the sum of (i) the payments for Notice and Other Administrative Costs, (ii) the Fee Award paid by Defendant, and (iii) any Incentive Award paid by Defendant, which amount is to be paid thirty (30) days after the Claims Deadline or the Final Settlement Approval Date, whichever is later.

**2.3     Claims Process.**  Each Settlement Class Member will be entitled to submit a claim for cash payment, consistent with this paragraph and as determined by the Court.

      **(a)**     *Cash Payment.*  Each Settlement Class Member may file a claim that will, if valid, entitle him or her to cash payment(s) based on Premier Protein Shake Products purchased during the Settlement Class Period.  Settlement Class Members with proof of purchase will be entitled to submit a claim for $1 per purchased shake of Premier Protein Shake Products up to $40.00 in cash, subject to *pro rata* adjustment.  Settlement Class Members without proof of

purchase will be entitled to submit a claim for $0.50 per purchased shake of Premier Protein Shake Products up to $20.00 in cash, subject to *pro rata* adjustment.

(b)      *Cash Payment from Fund.*  Cash Claims will be paid thirty (30) days after the Claims Deadline or the Final Settlement Approval Date, whichever is later, from the Settlement Fund.

(c)      *Pro Rata Adjustment*.  If the total value of all Approved Claims either exceeds or falls short of the funds available for distribution to Class Members, then the amounts of the cash payments will be reduced or increased pro rata as necessary to use all of the funds available for distribution to Class Members.

2.4      **Proof of Claim.**  A maximum of one claim, submitted on a single Claim Form, may be submitted by each Settlement Class Member.  A Claimant must include information in the Claim Form – completed online or in hard copy mailed to the Settlement Administrator – confirming under penalty of perjury the following:  (i) the number and type of Premier Protein Shake Product(s) purchased, and (ii) that the purchase or purchases were made within the Settlement Class Period.

2.5      **Review of Claims.**  The Settlement Administrator will be responsible for reviewing all claims to determine their validity.  The Settlement Administrator will reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of paragraphs 2.3 and 2.4, above, or is submitted after the Claims Deadline.

2.6      **Cash Benefit – Uncleared Checks.**  Those Settlement Class Members whose cash benefit checks are not cleared within one hundred eighty (180) days after issuance will be ineligible to receive a cash settlement benefit and Defendant will have no further obligation to make any payment pursuant to this Settlement Agreement or otherwise to such Settlement Class Members.  Unpaid funds from uncleared checks will in no event revert back to the Defendant.

Any unpaid funds remaining after administration of the Settlement Agreement will be donated as *cy pres* to Feeding America, a non-sectarian, not-for-profit national food bank organization, or another non-sectarian, not-for-profit organization(s) recommended by the parties and approved by the Court.

      **2.7**    **Prospective Relief.**  Prospectively, Premier Nutrition is reevaluating and refreshing its formulations for Premier Protein® Shakes, reviewing its manufacturing specifications and protocols for co-manufacturers producing Premier Protein® Shakes, and working with its co-manufacturers on best practices to implement those specifications and manufacturing protocols in order to minimize the variability of the protein content contained in the Premier Protein® Shakes.

      **2.8**    **Notice to Attorneys General.**  Not later than ten (10) days after the Motion for Preliminary Approval of the Settlement is filed in Court, the Settlement Administrator will in consultation with Defendant's counsel provide notice of the proposed class action settlement to the appropriate state officials as required by 28 U.S.C. § 1715, and the costs of such notice will be paid from the Settlement Fund.

**3.**     **CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; INCENTIVE AWARD.**

      **3.1**    Class Counsel may receive from the Settlement Fund, subject to Court approval, attorneys' fees, costs, and expenses not to exceed one-third of the Settlement Fund (or three million dollars ($3,000,000.00)).  Class Counsel, with the advice and consent of Supporting Counsel, will petition the Court for an award of such attorneys' fees and Defendant agrees to not object to or otherwise challenge, directly or indirectly, Class Counsel's petition for reasonable attorneys' fees and for reimbursement of costs and expenses if limited to this amount.  Class Counsel, in turn, agrees to seek no more than this amount from the Court in attorneys' fees and for reimbursement of costs and expenses.  Payment of the Fee Award will be made from the

Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph will remain in the Settlement Fund.

3.2      The Fee Award will be payable by Defendant within thirty (30) days after entry of the Court's Settlement Approval Order and Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibit G, and providing all payment routing information and tax I.D. numbers for Bursor & Fisher, P.A., as agent for Class Counsel and Supporting Counsel.  Payment of the Fee Award will be made from the Settlement Fund by wire transfer to Bursor & Fisher, P.A., as agent for Class Counsel and Supporting Counsel, for distribution to and among counsel for Plaintiff and the Class, in accordance with wire instructions to be provided by Bursor & Fisher, P.A., and completion of necessary forms, including but not limited to W-9 forms.  Notwithstanding the foregoing, if for any reason the Settlement Approval Order and Final Judgment is reversed or rendered void as a result of an appeal(s) then Class Counsel will return such funds to the Defendant with interest paid at a rate of 5%, compounded annually.

3.3      Subject to Court approval, the Plaintiff may be paid an incentive award from the Settlement Fund, in addition to any settlement payment as a result of an Approved Claim pursuant to this Agreement, and in recognition of his efforts on behalf of the Settlement Class, in the amount of five thousand dollars ($5,000.00).  Defendant will not object to or otherwise challenge, directly or indirectly, Class Counsel's application for the incentive award to the Class Representative if limited to this amount.  Class Counsel, in turn, agrees to seek no more than this amount from the Court as the incentive award for the Class Representative.  Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph will remain in the Settlement Fund.  Such award will be paid

from the Settlement Fund (in the form of a check to the Class Representative that is sent care of Class Counsel) thirty (30) days after the Claims Deadline or the Final Settlement Approval Date, whichever is later.

**4.     NOTICE TO THE CLASS AND ADMINISTRATION OF SETTLEMENT.**

**4.1     Class Notice.**  The Class Notice will conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), and any other applicable law, and will otherwise be in the manner and form approved by the Court.

**4.2     Notice Terms.**  The Class Notice shall consist of the following:

**(a)**     *Settlement Class List*.  The records that have been produced by Defendant and by Sam's Club and Costco in response to valid subpoenas will form the "Class List," and have been provided to the Settlement Administrator;

**(b)**     *Direct Notice via Email*.  No later than twenty-eight (28) days from the entry of the Preliminary Approval Order, the Settlement Administrator will send Notice via email substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is in the Class List.  In the event transmission of the email notice results in any "bounce-backs," the Settlement Administrator will, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

**(c)**     *Direct Notice via U.S. Mail*.  No later than twenty-eight (28) days from entry of the Preliminary Approval Order, the Settlement Administrator will send notice substantially in the form attached as Exhibit C to all Settlement Class Members in the Class List who did not receive an email pursuant to Paragraph 4.2(b), above.

(d)      *Settlement Website*.  Within twenty-eight (28) days from entry of the

Preliminary Approval Order, Notice will be provided on a website at an available settlement

URL (such as, for example, www.ProteinShakeSettlement.com) which will be obtained,

administered, and maintained by the Settlement Administrator and will include the ability to file

Claim Forms online, provided that such Claim Forms, if signed electronically, will be binding

for purposes of applicable law and contain a statement to that effect.  The Notice provided on the

Settlement Website will be substantially in the form of Exhibit D hereto.

(e)      *Internet Banner Notice*.  Within thirty-five (35) days from the entry of the

Preliminary Approval Order, Notice will be provided by internet banner advertisements, which

will link to the Settlement Website, and will be substantially in the form of Exhibit E hereto.

(f)      *Press Release.*  Within thirty-five (35) days from the entry of the

Preliminary Approval Order, Notice will be provided by a press release, which will be

substantially in the form of Exhibit F hereto.

**4.3      Responsibilities of Settlement Administrator.**  The Parties will retain one or

more Settlement Administrators (including subcontractors) to help implement the terms of the

proposed Settlement Agreement.  The Settlement Administrator(s) will be responsible for

administrative tasks, including, without limitation, (a) notifying the appropriate state officials

about the settlement, (b) arranging, as set forth in the Media Plan, for distribution of Class Notice

(in the form approved by the Court)  and Claim Forms (in a form approved by the Court) to

Settlement Class Members, (c) answering inquiries from Settlement Class Members and/or

forwarding such written inquiries to Class Counsel or their designee, (d) receiving and

maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence

regarding requests for exclusion to the settlement, (e) establishing the Settlement Website that

posts notices, Claim Forms, and other related documents by the Notice Date, (f) receiving and

processing claims and distributing payments to Settlement Class Members, (g) causing notice, pursuant to 28 U.S.C. § 1715, to be served not later than ten (10) days after this Agreement is filed with the Court on the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, as required by law, and (h) otherwise assisting with implementation and administration of the Settlement Agreement terms.

      **4.6**    **Performance Standards of Settlement Administrator.**  The contract with the Settlement Administrator will obligate the Settlement Administrator to abide by the following performance standards:

      **(a)**    The Settlement Administrator will accurately and neutrally describe, and will train and instruct its employees and agents to accurately and objectively describe, the provisions of this Agreement in communications with Settlement Class Members;

      **(b)**    The Settlement Administrator will provide prompt, accurate, and objective responses to inquiries from Class Counsel and Defendant's Counsel and will periodically report on claims, objectors, etc.

      **(c)**    The Settlement Administrator will seek clarification, instruction, or authorization for performance of its duties and expenditure or disposition of cash from Class Counsel and Defendant's Counsel.

**5.**     **CLASS SETTLEMENT PROCEDURES.**

      **5.1**    **Exclusions and Objections.**  The Class Notice will advise all Settlement Class Members of their rights to be excluded from the Settlement or to object to the Settlement.

      **(a)**    Any person who falls within the definition of the Settlement Class but wishes to be excluded from the Settlement may do so by timely mailing a valid opt-out notice, as described in the Class Notice.  Any person who is excluded from the Settlement will not be

bound by this Settlement Agreement, will not be eligible to make a claim for any benefit under the terms of this Settlement Agreement, and will not be permitted to object to the Settlement or to intervene in the Action. At least seven (7) calendar days before the Final Approval Hearing, Class Counsel will prepare or cause the Settlement Administrator to prepare a list of the persons who have excluded themselves in a valid and timely manner from the Settlement Class (the "Opt-Outs"), and Class Counsel will file that list with the Court.

Any person who is a Settlement Class Member and who wishes to object to the agreement must timely serve a written objection on Defense Counsel and Class Counsel by the date specified in the Notice. The objection must contain a caption or title that identifies it as "Objection to Class Settlement in *Gregorio v. Premier Nutrition Corporation*," contact and address information for the objecting Settlement Class Member, documents sufficient to establish the person's standing as a Settlement Class Member (either verification under oath of the date and location of a purchase of Premier Protein Shake Products with the Settlement class period or a receipt reflecting such purchase), the facts supporting the objection, and the legal grounds on which the objection is based. If an objecting person chooses to appear at the Final Approval Hearing, a notice of intention to appear must be filed with the Court no later than the Objection/Exclusion Deadline.

**5.2     Stay of the Action.**  The Parties will request that the Court, in connection with Preliminary Approval, issue an immediate stay of the Action.

**5.3     Effect If Settlement Not Approved.**  This Settlement Agreement was entered into only for purposes of settlement, subject to and without waiver of the Parties' respective rights.  If the Court fails to enter the order granting Preliminary Approval or fails to grant final approval, or if the Final Settlement Approval Date does not occur, Class Counsel and Defendant's Counsel will endeavor, consistent with the Settlement Agreement, to cure any defect

identified by the Court; provided, however, that Defendant will not be obligated to accept such

cure if it increases the cost or burden of the Settlement Agreement to Defendant or any of the

other Released Parties.  In the event that the Settlement Agreement is terminated for any reason,

final approval does not occur for any reason, or the Final Settlement Approval Date does not

occur, then no term or condition of the Settlement Agreement, or any draft thereof, or any

discussion, negotiation, documentation, or other part or aspect of the Parties' settlement

discussions will have any effect, nor will any such matter be admissible in evidence for any

purpose in the Action, or in any other proceeding, the Parties will be restored to their respective

positions immediately preceding execution of this Settlement Agreement.  If the Settlement

Approval Order and Final Judgment or any part of it is vacated, overturned, reversed, or rendered

void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise

terminated for any other reason, then within thirty (30) days, Class Counsel will return to

Defendant all attorneys' fees, costs, and other payments received by Class Counsel under the

Settlement Agreement, as set forth in paragraph 3.2 above.  The Parties agree that all drafts,

discussions, negotiations, documentation, or other information prepared in relation to the

Settlement Agreement and the Parties' settlement discussions will be treated as strictly

confidential and may not be disclosed to any person other than the Parties' counsel, and only for

purposes of the Action.  Defendant's rights with respect to class certification expressly are

reserved and preserved.

   **5.4**  **Execution.** The Settlement Agreement will have no effect unless and until this

Settlement Agreement is fully executed by all Parties.

**6.**  **RELEASES.**

   **6.1**  **Release by Settlement Class Members.** Effective as of the Final Settlement

Approval Date, each and all of the Settlement Class Members will release and forever discharge

and will be forever barred from asserting, instituting, or maintaining against any or all of the Released Parties, any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, costs, attorney fees or liabilities whether legal, equitable, or otherwise, relating in any way to the claims asserted or the factual allegations made in the Second Amended Complaint in this Action, the nutrient content, or the labeling of the Premier Protein Shake Products, including without limitation the marketing, advertising, promotion, or distribution of the Premier Protein Shake Products and the purchase of any of the Premier Protein Shake Products at any time on or after August 8, 2011 to the Notice Date (collectively, the "Claims").

**6.2     Effectuation of Settlement.**  None of the above releases includes releases of claims to enforce the terms of the Settlement Agreement or affects the rights granted by the Settlement Agreement.

**6.3     No Admission of Liability.**  This Settlement Agreement reflects, among other things, the compromise and settlement of disputed claims among the parties, and neither this Settlement Agreement nor the releases given herein, nor any consideration therefor, nor any actions taken to carry out this Settlement Agreement, are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, defense, or of any point of fact or law on the part of any party.  Defendant denies the material allegations of the complaint filed in this Action.  Neither this Settlement Agreement, nor the fact of settlement, nor the settlement proceedings, nor the settlement negotiations, nor any related document, will be used as an admission of any fault or omission by any or all of the Released Parties, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing or liability by any or all of the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate, interpret, or enforce this Settlement Agreement.

**7.     PRELIMINARY APPROVAL ORDER AND SETTLEMENT APPROVAL
        ORDER AND FINAL JUDGMENT.**

**7.1**     Promptly after the execution of this Settlement Agreement, Class Counsel will

submit this Agreement together with its Exhibit(s) to the Court and will move the Court for

Preliminary Approval of the settlement set forth in this Agreement; certification of the

Settlement Class for settlement purposes only; appointment of Class Counsel and the Class

Representative; and entry of a Preliminary Approval Order, which order will set a Final

Approval Hearing date and approve the Media Plan.  The Preliminary Approval Order will also

authorize the Parties, without further approval from the Court, to agree to and adopt such

amendments, modifications, and expansions of the Settlement Agreement and its implementing

documents (including all exhibits to this Agreement) so long as they are consistent in all material

respects with the terms of the Settlement Agreement and do not limit or impair the rights of the

Settlement Class or materially expand the obligations of Defendant.

**7.2**     At the time of the submission of this Agreement to the Court as described above,

Class Counsel will request that, after notice is given, the Court hold a Final Approval Hearing

and approve the settlement of the Action as set forth herein.

**7.3**     After notice is given, and at or before the Final Approval Hearing, the Class

Representative will request and seek to obtain from the Court a Settlement Approval Order and

Final Judgment, which will (among other things):

**(a)**     approve the Settlement Agreement and the proposed settlement as fair,

reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct

the Parties and their counsel to implement and consummate the Agreement according to its terms

and provisions; and declare the Agreement to be binding on, and have *res judicata* and

preclusive effect in all pending and future lawsuits or other proceedings maintained by or on

behalf of Plaintiffs and Releasing Parties;

**(b)**      find that the Media Plan implemented pursuant to the Agreement (1) constituted the best practicable notice under the circumstances; (2) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

**(c)**      find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

**(d)**      dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

**(e)**      incorporate the Release set forth above, make the Release effective as of the Final Settlement Approval Date, and forever discharge the Released Parties as set forth herein;

**(f)**      permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims;

**(g)**      without affecting the finality of the Settlement Approval Order and Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Settlement Approval Order and Final Judgment, and for any other necessary purpose; and

**(h)**      incorporate any other provisions as the Court deems necessary and just.

8.      **MISCELLANEOUS PROVISIONS.**

8.1     **Change of Time Periods.**  The time periods and/or dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Defendant's Counsel, without notice to Settlement Class Members.  The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Settlement Agreement.

8.2     **Time for Compliance.**  If the date for performance of any act required by or under this Settlement Agreement falls on a Saturday, Sunday, or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Settlement Agreement.

8.3     **Governing Law.**  This Settlement Agreement will be governed by the laws of the State of New York.

8.4     **Entire Agreement.**  The terms and conditions set forth in this Settlement Agreement constitute the complete and exclusive statement of the agreement between the parties relating to the subject matter of this Settlement Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.  The Parties further intend that this Settlement Agreement constitutes the complete and exclusive statement of its terms as between the parties, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving this Settlement Agreement.  Any modification of the Settlement Agreement must be in writing signed by Class Counsel and Defendant's Counsel.

**8.5     Advice of Counsel.**  The determination of the terms and the drafting of this Settlement Agreement have been by mutual agreement after negotiation, with consideration by and participation of all parties and their counsel.

**8.6     Binding Agreement.**  This Settlement Agreement will be binding upon and inure to the benefit of the respective heirs, successors, and assigns of the Parties, the Settlement Class Members and other Released Parties.

**8.7     No Waiver.**  The waiver by any party of any provision or breach of this Settlement Agreement will not be deemed a waiver of any other provision or breach of this Settlement Agreement.

**8.8     Execution in Counterparts.**  This Settlement Agreement will become effective upon its execution by all of the undersigned.  The parties may execute this Settlement Agreement in counterparts, and execution of counterparts will have the same force and effect as if all parties had signed the same instrument.  The parties further agree that signatures provided by portable document format (PDF) or other electronic transmission will have the same force and effect as original signatures.

**8.9     Enforcement of this Settlement Agreement.**  The Court will retain jurisdiction, and will have exclusive jurisdiction, to enforce, interpret, and implement this Settlement Agreement and the terms of any order entered pursuant to this Settlement Agreement.

**8.10    Notices.**  All notices to the Parties or counsel required by this Settlement Agreement will be made in writing and communicated by email and mail to the following addresses:  Philip L. Fraietta, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019, pfraietta@bursor.com; Aaron D. Van Oort, Faegre Baker Daniels, LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, aaron.vanoort@faegrebd.com.

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: _____, 2018

JOSEPH GREGORIO

By: _____
Individually and as representative of the Class

Dated: _____, 2018

PREMIER NUTRITION CORPORATION

By: _____

Diedre J. Gray
EVP, General Counsel and Chief Administrative
Officer, Post Holdings, Inc.

**IT IS SO STIPULATED BY COUNSEL:**

Dated: ____Sept. 5____, 2018

**BURSOR & FISHER, PA**

By: _____
Joseph I. Marchese
jmarchese@bursor.com
Philip L. Fraietta
pfraietta@bursor.com
Alec M. Leslie
aleslie@bursor.com
BURSOR & FISHER, PA
888 Seventh Avenue
New York, New York 10019
Tel:  (646) 837-7150

L. Timothy Fisher
ltfisher@bursor.com
Frederick J. Klorczyk III
fklorczyk@bursor.com
BURSOR & FISHER, PA
1990 North California Blvd.
Walnut Creek, CA 94596
Tel:  (925) 300-4455

Dated: 9/5/18_____, 2018

**BARBAT, MANSOUR & SUCIU, PLLC**

By: _____
Nick Suciu III
nicksuciu@bmslawyers.com
BARBAT, MANSOUR & SUCIU, PLLC
1644 Bracken Road
Bloomfield Hills, Michigan 48302
Tel:  (313) 303-3472

Dated: _____, 2018

**CONSUMER LAW GROUP, PC**

By: _____
Anne Barker
Abarker.consumerlawgroup@gmail.com
CONSUMER LAW GROUP, PC
306 Joy Street
Fort Oglethorpe, Georgia 30742
Tel:  (706) 858-0325

*Attorneys for Plaintiff and the Settlement Class*

**IT IS SO STIPULATED BY COUNSEL:**

Dated: ___Sept. 5___, 2018

**BURSOR & FISHER, PA**

By: _____
Joseph I. Marchese
jmarchese@bursor.com
Philip L. Fraietta
pfraietta@bursor.com
Alec M. Leslie
aleslie@bursor.com
BURSOR & FISHER, PA
888 Seventh Avenue
New York, New York 10019
Tel: (646) 837-7150

L. Timothy Fisher
ltfisher@bursor.com
Frederick J. Klorczyk III
fklorczyk@bursor.com
BURSOR & FISHER, PA
1990 North California Blvd.
Walnut Creek, CA 94596
Tel: (925) 300-4455

Dated: _9/5/18___, 2018

**BARBAT, MANSOUR & SUCIU, PLLC**

By: _Nick Suciu_____
Nick Suciu III
nicksuciu@bmslawyers.com
BARBAT, MANSOUR & SUCIU, PLLC
1644 Bracken Road
Bloomfield Hills, Michigan 48302
Tel: (313) 303-3472

Dated: ___9 − 5___, 2018

**CONSUMER LAW GROUP, PC**

By: _____
Anne Barker
Abarker.consumerlawgroup@gmail.com
CONSUMER LAW GROUP, PC
306 Joy Street
Fort Oglethorpe, Georgia 30742
Tel: (706) 858-0325

*Attorneys for Plaintiff and the Settlement Class*

Dated:   <u>September 7</u>, 2018      **FAEGRE BAKER DANIELS, LLP**

By:<u>                             </u>
Sarah L. Brew
sarah.brew@faegrebd.com
Aaron D. Van Oort
aaron.vanoort@faegrebd.com
FAEGRE BAKER DANIELS, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Tel:  (612) 766-7000

*Attorneys for Defendant Premier Nutrition Corporation*

**EXHIBIT A**

# CLAIM FORM

## GREGORIO V. PREMIER NUTRITION CORPORATION

### In the United States District Court for the Southern District of New York, Case No. 17-CV-05987-AT

If you are a Class Member and wish to receive benefits from the settlement obtained in this class action lawsuit, you must either:

(1) Complete this Claim Form and mail it <u>postmarked on or before</u> [_____] to: Protein Shake Settlement Program, Settlement Administrator, _____; or

(2) Submit your Claim Form online at www.ProteinShakeSettlement.com on or before [_____].

Read the full notice of this settlement (available at www.ProteinShakeSettlement.com) carefully before filling out this Claim Form.

## I. CLAIMANT INFORMATION

| | | | |
|---|---|---|---|
| 1.  **Claimant Name:** | Last | First | Middle Initial |
| 2.  **Mailing Address:** | Street/P.O. Box | | |
| | City | State | Zip |
| 3.  **Email Address:** | | | |

## II. PURCHASE INFORMATION

The **Premier Protein Shakes** include all flavors of Premier Protein Shakes: Vanilla, Chocolate, Strawberries & Cream, Banana & Cream, Peaches & Cream, Cookies & Cream, Mixed Berry, Organic Chocolate, Organic Vanilla and Caramel flavors (the "Subject Products").

If you **do not have Proofs of Purchase**, you are entitled to receive a **$.50** cash award for every Premier Protein Shake you purchased between August 8, 2011 and [DATE], up to a **maximum of $20.00**, subject to pro rata adjustment.  Class members who **submit Proofs of Purchase**, such as receipts, establishing each purchase during the Class Period, may receive a **$1** cash award per Premier Protein Shake purchased up to **$40.00**, subject to pro rata adjustment.

Packaging, including bar codes or UPCs, shall constitute valid Proof of Purchase only if the Premier Protein Shake(s) claimed to have been purchased can be identified from the packaging submitted.  **Failure to include Proof of Purchase for claims in excess of $20.00 will result in the claim being reduced to $20.00.  Submission of false or fraudulent information may result in the claim being rejected in its entirety.**

| | |
|---|---|
| Total Number of Individual Premier Protein Shakes (defined above) you purchased between August 8, 2011 and [Notice Publication Date]. | _____ Total Shakes |
| Did you enclose Proofs of Purchase?  ☐ Yes  ☐ No | Describe proofs enclosed: |

## III. ATTESTATION UNDER PENALTY OF PERJURY

I declare pursuant under penalty of perjury under the laws of the United States of America that I purchased the products listed above between August 8, 2011 and **[Notice Publication Date]** and that all of the information on this Claim Form is true and correct to the best of my knowledge.  I understand that my Claim Form may be subject to audit, verification, and Court review.

| | | | |
|---|---|---|---|
| **Claimant's Signature** | | **Date** | _____/_____/_____<br>(month)   (day)   (year) |
| **Printed Name** | First | MI | Last |

**QUESTIONS? Call 1-833-34-SHAKE (1-833-347-4253) or visit www.ProteinShakeSettlement.com**

**EXHIBIT B**

**From: SettlementAdministrator@ProteinShakeSettlement.com**
**Email Subject: Notice of Premier Protein Shake Class Action Settlement**
**Email Text:**

# NOTICE OF CLASS ACTION SETTLEMENT

A federal court authorized this notice in a case called *Gregorio v. Premier Nutrition Corp.*,
Case No. 17-cv-05987-AT (S.D.N.Y.).  This is not a solicitation from a lawyer.

> **Potential Settlement Class Member: {{{first_name}}} {{{last_name}}}**
> **Notice ID: {{{Notice_ID}}}**

**If you purchased Premier Protein Ready-To-Drink Shake products from August 8, 2011 through [DATE], you could receive a cash payment as part of a class action settlement. You received this email because our records indicate you may be a Settlement Class Member.**

### Click Here to File a Claim Now

**What is this Settlement About?**
Joseph Gregorio ("Plaintiff") alleges that Premier Nutrition Corporation ("Defendant") made false and misleading statements about the protein content of certain Premier Protein Ready-To-Drink Shake products in violation of federal and state law.  Defendant denies that it did anything wrong.  The Court has not decided who is right in this case.

**Am I a Class Member?**
You are a Class Member if you purchased any of the following Premier Protein Ready-To-Drink Shake products in the United States from August 8, 2011 through [DATE]:  Vanilla, Chocolate, Strawberries & Cream, Banana & Cream, Peaches & Cream, Cookies & Cream, Mixed Berry, Organic Chocolate, Organic Vanilla and Caramel flavors.

**What Can I Get?**
A Settlement Fund of $9 million has been established to pay Settlement benefits to qualified Class Members, a service award to the Plaintiff, Class Counsel's fees, and costs relating to settlement administration.  Class Members who file a valid claim with proof of purchase will be entitled to $1 per purchased shake up to $40.00 in cash, subject to *pro rata* adjustment. Qualified Class Members without proof of purchase who file valid claims will be entitled to $0.50 per purchased shake up to $20.00 in cash, subject to *pro rata* adjustment.

**How Do I Get a Payment?**
To receive a payment, you must submit a completed claim form.  You can submit an electronic claim form quickly and easily online by clicking here or going to www.ProteinShakeSettlement.com.  Alternatively, you can access a printable claim form at www.ProteinShakeSettlement.com/HardCopy.aspx that you can print and mail in hard copy. Claims submitted electronically **must be filed by [DATE]**, and hard copy claim forms **must be postmarked by [DATE]**.

**What Are My Other Options?**

1. **Do Nothing –** you will remain in the settlement class and give up any rights to sue Defendant separately about these legal claims.

2. **Exclude Yourself** – if you do not want to be included in the settlement, you may exclude yourself by submitting a written request **postmarked no later than [DATE]**. If you exclude yourself, you will not get settlement benefits, but you will keep your right to sue Defendant. Read the complete legal notice on the settlement website for more information on excluding yourself.

3. **Object** – you may write to the Court about why you do, or do not, like the proposed settlement. You must remain in the class to comment on the proposed settlement. Your written objection must be filed **no later than [DATE]**. Read the complete legal notice on the settlement website for more information on how to object to the settlement.

4. **Attend a Hearing** – you may ask to speak in Court about the fairness of the proposed settlement or you may enter your appearance in Court through an attorney at your own expense if you so desire. Written notice of your intent to appear at the hearing must be filed with the Court and served to the Parties by **[DATE]**. Read the complete legal notice on the settlement website for more information on how to object to the settlement.

**Who Represents Me?**

The Court has appointed Bursor & Fisher, P.A. and Barbat, Mansour & Suciu PLLC to represent the class. Counsel for the Class are frequently referred to as "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer in this settlement, you may hire one at your expense.

**When will the Court Consider the Proposed Settlement?**

The Court will hold the Final Approval Hearing at [TIME, DATE] at the Daniel Patrick Moynihan U.S. Courthouse, [ROOM], 500 Pearl Street, New York, NY 10007. At that hearing, the Court will decide whether the settlement is fair, reasonable, and adequate and determine the amount of attorneys' fees, costs and expenses, and incentive fee awards. The Court may adjourn the date and time of this hearing at any time without further notice. You may contact Class Counsel at (646) 837-7150 to confirm the date and time of the hearing. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement and whether to grant Class Counsel's request for attorneys' fees, costs and expenses. The hearing may be changed without notice. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

**This is only a summary. For detailed information, visit
www.ProteinShakeSettlement.com, call 1-833-34-SHAKE (1-833-347-4253) or
write to the Settlement Administrator at the address below.**

**Website: www.ProteinShakeSettlement.com**

**Toll-Free Phone Number: 1-833-34-SHAKE (1-833-347-4253)**

**Address:**

**Protein Shake Settlement Program
Settlement Administrator
P.O. Box [XXXXX]
Richmond, VA [XXXXX]**

**EXHIBIT C**

United States District Court for the Southern District of New York

# If you purchased Premier Protein Ready-To-Drink Shake Products, you could receive a cash payment as part of a class action settlement.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A Proposed Settlement has been reached in a class action lawsuit.  A purchaser of certain Premier Protein Ready-To-Drink Shake products has sued Premier Nutrition Corporation ("Defendant"), alleging that it made false and misleading statements about the protein content of those products. Defendant denies the Plaintiff's allegations and any wrongdoing.

- The Proposed Settlement creates a $9 million settlement fund from which to pay Class Member claims and other costs and expenses related to the litigation and settlement as detailed below.

- You are a Class Member if you purchased any of the following Premier Protein Ready-To-Drink Shake products in the United States from August 8, 2011 through [DATE]:  Vanilla, Chocolate, Strawberries & Cream, Banana & Cream, Peaches & Cream, Cookies & Cream, Mixed Berry, Organic Chocolate, Organic Vanilla and Caramel flavors (the "Products").

- If you are eligible to participate in this Proposed Settlement because you purchased one or more of the Products in the United States from August 8, 2011 through [DATE], you can submit a claim for a cash payment from the Settlement Fund.

**Read this Notice carefully and in its entirety.**
**Your rights may be affected by the Proposed Settlement of this Lawsuit,**
**and you have a choice to make now about how to act:**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **WHAT IS THIS?** | A Proposed Settlement has been reached in a class action lawsuit. The lawsuit alleges that Defendant made false and misleading statements about the protein content of the Products in violation of state and federal laws.  Defendant denies the allegations. |
| **SUBMIT A CLAIM FORM BY [DATE]** | **This is the only way to receive the Settlement Benefit of a cash payment.**  By submitting a claim, you will give up any rights to sue Defendant separately about the same legal claims in this lawsuit.  You may submit an electronic Claim Form quickly and easily online at www.ProteinShakeSettlement.com. Alternatively, you may print a hard copy Claim Form from that website and mail it to the Settlement Administrator at [ADDRESS].  Hard copy claim forms must be postmarked by [DATE].  For more detail about the claim process, please see questions 6 and 7 below. |

Questions?  Visit www.ProteinShakeSettlement.com
or contact Class Counsel at info@bursor.com
- 1 -
US.119640810.02

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY [DATE]** | If you opt out of the Proposed Settlement, you will not be eligible to receive the Settlement Benefit, but you will keep your right to sue Defendant about the same legal claims in this lawsuit. Requests for exclusion must be postmarked by [date] and mailed to [address].  For more detail about excluding yourself from the class, please see questions 8, 9, and 10 below. |
| **OBJECT OR COMMENT BY [DATE]** | You may write to the Court about why you do, or do not, like the Proposed Settlement.  You must remain in the class to comment in support of or in opposition to the Proposed Settlement.  Objections and comments must be filed with the Court and served on the Parties by [date].  For more detail about objecting or commenting, please see questions 11 and 12 below. |
| **APPEAR IN THE LAWSUIT OR ATTEND A HEARING ON [DATE]** | You may ask to speak in Court about the fairness of the Proposed Settlement.  Written notice of your intent to appear in the Lawsuit must be filed with the Court and served on the Parties by [date].  You may enter your appearance in Court through an attorney at your own expense if you so desire.  For more detail about appearing in this lawsuit or attending the final hearing, please see questions 13, 14, 18, 19, and 20 below. |
| **DO NOTHING** | If you do nothing, you will receive no Settlement Benefit.  You also give up your right to sue Defendant on your own regarding any claims that are part of the Proposed Settlement. |

- These rights and options, **and the deadlines to exercise them**, are further explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Proposed Settlement.  The Settlement Benefit will be made available if the Court approves the Proposed Settlement and after any appeals are resolved.

- If you have any questions, please read on and visit www.ProteinShakeSettlement.com.

## BASIC INFORMATION

### 1.      Why did I get this notice?

If you purchased one or more of the Products in the United States from August 8, 2011 through [DATE], as described on page 1 of this Notice, you have a right to know about a proposed settlement of a class action lawsuit and your options.  If you have received this Notice in the mail or by e-mail, you have been identified from available records as a possible purchaser of the Products.  If the Court approves the Proposed Settlement, and after objections and appeals are resolved, an administrator approved by the Court (the "Settlement Administrator") will oversee

Questions?  Visit www.ProteinShakeSettlement.com
or contact Class Counsel at info@bursor.com
- 2 -
US.119640810.02

the distribution of the Settlement Benefits that the Proposed Settlement allows.  You will be informed of the progress of the Proposed Settlement.

This Notice explains the lawsuit, the Proposed Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *Gregorio v. Premier Nutrition Corp.*, Case No. 17-cv-05987-AT.  The person who sued is called the Plaintiff, and the company he sued, Premier Nutrition Corporation, is called the Defendant.

## 2.    What is this lawsuit about?

This lawsuit is about whether Defendant made false and misleading representations about the protein content of the Products.  You can read Plaintiff's Second Amended Complaint <link> at www.ProteinShakeSettlement.com.

Defendant denies any wrongdoing and denies the Plaintiff's allegations.  You can read Defendant's answer <link> at www.ProteinShakeSettlement.com.  The Court has not made any ruling on Defendant's liability, if any.

## 3.    What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case, Plaintiff Joseph Gregorio) sue on behalf of other people who have similar claims.  The people together are a "Class" or "Class Members."  The named plaintiff who sued – and all the Class Members like them – are called the Plaintiffs.  The companies they sued (in this case, Defendant Premier Nutrition Corporation) are called the Defendants.  One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class.

## 4.    Why is there a Proposed Settlement?

The Court has not decided in favor of either side in the case.  Defendant denies all allegations of wrongdoing or liability against it and contends that its conduct was lawful.  Defendant is settling to avoid the expense, inconvenience, and inherent risk of litigation, as well as the related disruption of its business operations.  Plaintiff and his attorneys assert that the Proposed Settlement is in the best interests of the Class, because it provides an appropriate recovery now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

# WHO IS IN THE PROPOSED SETTLEMENT?

To see if you will be entitled to the Settlement Benefit from this Proposed Settlement, you first have to decide if you are a Class Member.

## 5.    How do I know if I am part of the Proposed Settlement?

You are a Class Member if you purchased any of the following Premier Protein Ready-To-Drink Shake products in the United States from August 8, 2011 through [DATE]:  Vanilla, Chocolate, Strawberries & Cream, Banana & Cream, Peaches & Cream, Cookies & Cream, Mixed Berry,

Questions?  Visit www.ProteinShakeSettlement.com
or contact Class Counsel at info@bursor.com

- 3 -

US.119640810.02

Organic Chocolate, Organic Vanilla and Caramel flavors.

The following are excluded from the Settlement Class even if they made such a purchase: any Judge or Magistrate presiding over this class action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class (as described in question 8, 9, and 10 below); and (4) the legal representatives, successors, or assigns of any such excluded persons.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order Certifying the Class <link>, which is available at www.ProteinShakeSettlement.com.

## THE PROPOSED SETTLEMENT BENEFITS

| 6. | What does the Proposed Settlement provide if I submit a claim? |
|----|---|

Subject to Court approval, the parties have agreed to a Settlement under which Defendant will pay $9 million in cash (the "Settlement Fund"). In addition to paying Class Member claims, the $9 million Settlement Fund will be used to (i) pay notice and claims administration costs, (ii) attorneys' fees, (iii) litigation costs and expenses, and (iv) an incentive award to the Class Representative.

Each class member may submit a claim, either electronically through a settlement website or by mail, for each of the Products purchased during the class period. If you are entitled to relief and have valid proof of purchase, you will be entitled to submit a claim for $1 per purchased shake of Premier Protein Shake Products up to $40.00 in cash, subject to *pro rata* adjustment. If you are entitled to relief and do not have proof of purchase, you will be entitled to submit a claim for $0.50 per purchased shake of Premier Protein Shake Products up to $20.00 in cash, subject to *pro rata* adjustment.

Your recovery, and the recovery of every other claimant, will be proportionally adjusted to account for the available portion of the Settlement Fund. Depending on the total dollar amount of all valid claims, this adjustment may increase or decrease your recovery. For instance, if the total dollar amount of all valid claims is less than the available portion of the Settlement Fund (after payment of Plaintiff's attorneys' fees, costs and expenses and any incentive award), then claimant recoveries will be proportionally increased. Similarly, if the total dollar amount of all valid claims is more than the available portion of the Settlement Fund, then claimant recoveries will be proportionally decreased.

All payments to Settlement Class Members who submit valid Claims will be made within thirty (30) days after the later of (1) the Claims Deadline or (2) the Settlement Approval Order and Final Judgment becoming final ("Final Settlement Approval Date"). If there is an appeal of the Settlement, then this may take some time. All Settlement Class Members who do not opt out of the Proposed Settlement and who submit a valid claim shall receive a cash award as set forth above.

## HOW YOU GET A CASH PAYMENT — SUBMITTING A CLAIM FORM

Questions?  Visit www.ProteinShakeSettlement.com
or contact Class Counsel at info@bursor.com
- 4 -
US.119640810.02

## 7. How can I get a cash payment from the Proposed Settlement?

Class Members who wish to receive a cash payment must submit claims.

To submit a claim, you must complete a Claim Form.

You can submit an electronic Claim Form quickly and easily on the Internet at www.ProteinShakeSettlement.com. Read the instructions carefully, and submit it online on or before [_____, 20__].

Alternatively, you may also submit a hard copy Claim Form by mailing it to the following address: Protein Shake Settlement Administrator, P.O. Box _____, _____, __ _____. It must be postmarked no later than [_____, 20__]. You may access a printable Claim Form at www.ProteinShakeSettlement.com.

**TO BE VALID, ALL CLAIMS MUST BE POSTMARKED OR SUBMITTED ONLINE NO LATER THAN [_____, 20__].**

# YOUR RIGHTS AND CHOICES – EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you do not want to receive the Settlement Benefits from this Proposed Settlement, but you want to keep the right to sue Defendant, on your own, about the subject matter of this lawsuit, then you must take steps to get out of the Proposed Settlement. This is called excluding yourself – or is sometimes referred to as opting out of the Class.

## 8. How do I get out or exclude myself from the Proposed Settlement?

To exclude yourself from the Proposed Settlement, which is sometimes call "opting-out" of the Class, you must send a letter by mail saying that you want to be excluded from this lawsuit.

To exclude yourself from the Class, you must postmark a written Request for Exclusion to Protein Shake Settlement Administrator, P.O. Box _____, _____, __ _____. The written Request for Exclusion must be postmarked no later than [_____, 20__].

Your written Request for Exclusion must contain: (1) the name of this lawsuit, *Gregorio v. Premier Nutrition Corp.*, Case No. 17-cv-05987-AT; (2) your full name and current address; (3) a clear statement of intention to exclude yourself such as "I wish to be excluded from the Class"; and (4) your signature.

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not get any Settlement Benefit, and you cannot object to the Proposed Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendant in the future.

## 9. If I don't exclude myself, can I sue Defendant for the same things later?

**No.** If you do not properly and timely submit a written Request for Exclusion, you waive your

Questions? Visit www.ProteinShakeSettlement.com
or contact Class Counsel at info@bursor.com
- 5 -
US.119640810.02

right to opt out and will be deemed to be a member of the Class.  Unless you exclude yourself, you give up the right to sue Defendant for the claims that this Proposed Settlement resolves, and you will be bound by the terms of this Proposed Settlement.  If you have a pending lawsuit against Defendant, other than this class action, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from *this* Class to continue your own lawsuit. Remember, any exclusion request must be signed, mailed, and postmarked by [_____, 20__].

| | |
|---|---|
| **10.** | **If I exclude myself, can I get the Settlement Benefits from this Proposed Settlement?** |

**No.**  If you exclude yourself, do not send in a claim form to ask for any money.  But, you may sue, continue to sue, or be part of a different lawsuit against Defendant.

## YOUR RIGHTS AND CHOICES – OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court that you do not agree with the Proposed Settlement or some part of it.

| | |
|---|---|
| **11.** | **How do I tell the Court that I don't like the Proposed Settlement?** |

If you are a Class Member, you can object to the Proposed Settlement if you do not like any part of it, including the proposed plan to reimburse Class Members, Class Counsel's fee award, or the Class Representative incentive award.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.

To object, you must send a letter that contains the following:

- Your name, current address and telephone number, or your lawyer's name, address and telephone number if you are objecting through counsel;

- The name of the lawsuit, *Gregorio v. Premier Nutrition Corp.*, Case No. 17-cv-05987-AT;

- A statement of your objections and the reasons for each objection you make, including the facts supporting your objection and the legal grounds on which your objection is based;

- A list of any documents you may give the Court to support your objection, if any;

- A list of legal authorities you want the Court to consider;

- The names and addresses of any witness you want to call to testify, and a summary of the witnesses' expected testimony;

- If you (or your lawyer) want to appear and speak at the Fairness Hearing, a statement that you wish to appear and speak;

- Documents sufficient to establish your membership in the Settlement Class, such as verification under oath as to the date and location of your purchase of a Settlement

Class Product, or a Proof of Purchase; *and*

- Your signature (or your lawyer's signature).

To object, you must file a written objection with the Clerk of the Court for the Southern District of New York *no later than* [_____, 20__].  The Clerk of the Court is located at:

<div align="center">

Clerk of Court
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

</div>

You must also send copies of your objection along with any supporting documents *that is received no later than* [_____, 20__] to the following two addresses:

| Counsel for the Class: | Counsel for Defendant: |
|---|---|
| Philip L. Fraietta | Aaron D. Van Oort |
| Bursor & Fisher, P.A. | Faegre Baker Daniels LLP |
| 888 Seventh Avenue | 2200 Wells Fargo Center |
| New York, NY 10019 | Minnesota, MN 55402-3901 |
| Telephone: (646) 837-7150 | (612) 796-8138 office |
| E-Mail: pfraietta@bursor.com | E-Mail: Aaron.Vanoort@FaegreBD.com |

If you object through a lawyer, you will have to pay for the lawyer yourself. Importantly, only Class Members who submit timely, written objections may voice their objections at the hearing.

| 12. | What's the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court you do not like something about the Proposed Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## YOUR RIGHTS AND CHOICES – APPEARING IN THE LAWSUIT

| 13. | Can I appear or speak in this lawsuit and Proposed Settlement? |
|---|---|

As long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit and Proposed Settlement.  This is called making an appearance.  You can also have your own lawyer appear in court and speak for you, but you will have to pay for the lawyer yourself.

| 14. | How can I appear in this lawsuit? |
|---|---|

Questions?  Visit www.ProteinShakeSettlement.com
or contact Class Counsel at info@bursor.com
- 7 -
US.119640810.02

If you want yourself or your own lawyer (instead of Class Counsel) to participate or speak for you in this lawsuit, you must include in your written objection that you plan to attend and/or speak at the Fairness Hearing.

## IF YOU DO NOTHING

| 15. What happens if I do nothing at all? |
| :--- |

If you do nothing, you will get no Settlement Benefit from this Proposed Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant about the subject matter of this lawsuit, ever again.

## THE LAWYERS REPRESENTING YOU

| 16. Do I have a lawyer in this case? |
| :--- |

The Court has appointed Bursor & Fisher, P.A. and Barbat, Mansour & Suciu PLLC as legal counsel for the Class. Counsel for the Class are frequently referred to as "Class Counsel." You will not be charged for these lawyers.

| 17. How will the lawyers be paid? |
| :--- |

From the inception of the litigation in August 2017 to the date of the Proposed Settlement, Class Counsel has not received any payment for their services in prosecuting the case or obtaining settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. When they ask the Court to approve the Proposed Settlement, Class Counsel will also make a motion to the Court for an award of attorneys' fees in a total amount not to exceed one-third of the Settlement Fund. Separately, Class Counsel will also seek payment from the Settlement Fund for their costs and expenses incurred during the course of the litigation. No matter what the Court decides with regard to the requested attorneys' fees, costs and expenses, Class Members will never have to pay anything toward the fees, costs or expenses of Class Counsel. Class Counsel will seek final approval of the Proposed Settlement on behalf of all Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

## THE COURT'S FINAL FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Proposed Settlement. You may attend and you may ask to speak, but you do not have to attend or speak.

| 18. When and where will the Court decide whether to approve the Proposed Settlement? |
| :--- |

The United States District Court for the Southern District of New York (the "Court") will hold a hearing (the "Fairness hearing") at Daniel Patrick Moynihan U.S. Courthouse located at 500 Pearl Street, New York, NY 10007 on [_____, 20__] to decide whether the

US.119640810.02

settlement is fair, reasonable, and adequate and to determine the amount of attorneys' fees, costs and expenses, and incentive fee awards. The Court may adjourn the date and time of this hearing at any time without further notice. You may contact Class Counsel at (646) 837-7150 to confirm the date and time of the hearing. If there are objections, the Court will consider them. The Court may also discuss Class Counsel's request for an award of attorneys' fees and reimbursement of costs and expenses. After the hearing, the Court will decide whether to approve the settlement and whether to grant Class Counsel's request for attorneys' fees, costs and expenses. We do not know how long these decisions will take.

| 19. | Do I have to come to the hearing? |
|---|---|

**No.** Class Counsel is working on your behalf and will answer any questions the Court may have, but, you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## FINAL SETTLEMENT APPROVAL

| 20. | What is the effect of final settlement approval? |
|---|---|

If the Court grants final approval of the Proposed Settlement, all members of the Class will release and forever discharge any and all claims or causes of action that have been, might have been, are now, or could have been brought relating to the transactions, actions, conduct and events that are the subject of this action or settlement, arising from or related to the allegations in the complaint filed in the Action or Defendant's marketing, advertising, promoting or distributing of the Products.

If the Proposed Settlement is not approved, the case will proceed as if no settlement had been attempted. If the Proposed Settlement is not approved and litigation resumes, then there can be no assurance that the Class will recover anything.

## GETTING MORE INFORMATION

| 21. | Are there more details about the Proposed Settlement? |
|---|---|

This Notice is only intended to provide a summary of the Proposed Settlement. You may obtain the complete text of the settlement agreement at www.ProteinShakeSettlement.com, by writing to the Settlement Administrator (at P.O. Box _____, _____, \_\_ _____), or from the court file, which is available for your inspection during regular business hours at the Office of the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Federal Courthouse located at 500 Pearl Street, New York, NY 10007.

Visit the website at www.ProteinShakeSettlement.com where you will find the Plaintiff's Complaint, the Settlement Agreement and other documents related to the settlement, and a Claim Form. You may also contact Class Counsel by email at info@bursor.com, or by writing

Questions? Visit www.ProteinShakeSettlement.com
or contact Class Counsel at info@bursor.com
- 9 -
US.119640810.02

to Protein Shake Settlement Administrator, P.O. Box _____, _____, __ _____.


**PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE.**


DATED: _____, 2018                    **BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

US.119640810.02

**EXHIBIT D**

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

**If you purchased Premier Protein Ready-To-Drink Shake Products at any time from August 8, 2011 through [DATE], you can file a claim to receive a cash payment.**

A Proposed Settlement has been reached in a class action lawsuit called *Gregorio v. Premier Nutrition Corp.*, Case No. 17-cv-05987-AT, in the United States District Court, Southern District of New York. Open and read this notice carefully. If you are a class member, your legal rights are affected whether you act or don't act.

*Si compró productos de batido Premier Protein Ready-To-Drink en cualquier momento desde el 8 de agosto de 2011 hasta [DATE], puede presentar un reclamo para recibir un pago en efectivo. Si desea leer la notificación en español, visite www.ProteinShakeSettlement.com.*

Protein Shake Settlement Program
Settlement Administrator
P.O. Box [XXXXX]
Richmond, VA [XXXXX-XXXX]



Notice ID:  123456789

**Jane Claimant**
123 4th Ave
Apt. 5
Richmond, VA 23229

## LEGAL NOTICE

**WHAT IS THIS ABOUT?** A proposed settlement has been reached in a class action lawsuit in the United States District Court for the Southern District of New York that may affect your rights. The lawsuit is known as *Gregorio v. Premier Nutrition Corp.*, Case No. 17-cv-05987-AT. The Plaintiff claims that Defendant Premier Nutrition Corporation ("Defendant") made false and misleading statements about the protein content of certain Premier Protein products in violation of state and federal law. Premier denies this claim but has agreed to settle the lawsuit to avoid the cost and expense of further litigation. The Court has not made a decision regarding liability in the case. This is just a summary notice. Go to www.ProteinShakeSettlement.com to learn more.

**WHO IS INCLUDED**? With some exclusions, this settlement concerns all persons who purchased any of the following Premier Protein Ready-To-Drink Protein Shake products in the United States from August 8, 2011 through [DATE]: Vanilla, Chocolate, Strawberries & Cream, Banana & Cream, Peaches & Cream, Cookies & Cream, Mixed Berry, Organic Chocolate, Organic Vanilla and Caramel flavors (the "Products").

**WHAT DOES THE SETTLEMENT PROVIDE?** Subject to Court approval, Premier will pay $9 million to pay class member claims, notice and administration costs, Class Counsel's fees and expenses, and an incentive award to the Class Representative.

**HOW DO I GET A PAYMENT?** To get a cash payment as part of this Settlement, you must submit a Claim Form. You can submit an electronic Claim Form quickly and easily online at www.ProteinShakeSettlement.com. Alternatively, you can access a printable claim form at www.ProteinShakeSettlement.com/HardCopy.aspx that you can print and mail in hard copy. Claims submitted electronically **must be filed by [DATE]**, and hard copy claim forms **must be postmarked by [DATE].** Claimants with valid proof of purchase will be entitled to submit a claim for $1 per purchased shake of Premier Protein Shake Products up to $40.00 in cash, subject to *pro rata* adjustment. Claimants without proof of purchase may submit a claim for $0.50 per purchased shake of Premier Protein Shake Products up to $20.00 in cash, subject to *pro rata* adjustment.

**WHAT ARE YOUR OPTIONS?** You have four options: (1) file a claim to receive a cash payment and give up any rights to sue Defendant separately about these same legal claims; (2) do nothing and remain in the settlement class and give up any rights to sue Defendant separately about these same legal claims; (3) request to be excluded from the Settlement Class; or (4) object to the Settlement, to Class Counsel's application(s) for attorney's fees, costs, expenses and/or incentive awards, and/or to the entry of the proposed Final Approval Order. **Requests for exclusion and Objections must be postmarked by [Exclusion/Objection Deadline] and sent to [Claims Administrator Address].** If you file a Claim, object to the Settlement or do nothing, you are choosing to stay in the Settlement Class and will be legally bound by all orders of the Court. If you do not want to be legally bound by the Settlement or receive any benefits from it, you must request exclusion. **Complete instructions about how to object or request exclusion from the Settlement can be found at www.ProteinShakeSettlement.com.** The judge scheduled a hearing for [DATE], at [TIME] in Courtroom [#] of the U.S. District Court, Southern District of New York, [ADDRESS], regarding whether to give final approval to the Settlement. The hearing may be changed without notice. It is not necessary for you to appear at this hearing, but you may attend at your own expense. You may contact Class Counsel at (646) 837-7150 to confirm the date and time of the hearing. For more information, visit www.ProteinShakeSettlement.com, call 1-833-34-SHAKE (1-833-347-4253), or write to Protein Shake Settlement Program, Settlement Administrator, P.O. Box ___, Richmond, VA ___.

**EXHIBIT E**





**SETTLEMENT NOTICE**

**If you purchased Premier Protein shakes, you could receive**

UP TO
**$40**

**File a claim at www.ProteinShakeSettlement.com**

**EXHIBIT F**

# Class Action Settlement Announced Involving Premier Protein Ready-to-Drink Protein Shakes

NEWS PROVIDED BY
Protein Shake Settlement Administrator
Month __, 2018

RICHMOND, Va., Month __, 2018/PRNewswire/ -- The following is being released by the Settlement Administrator of the settlement reached in *Gregorio v. Premier Nutrition Corporation.*, No. 1:17-cv-05987-AT (S.D.N.Y.).

Premier Nutrition Corporation ("Defendant") and Plaintiff announced a $9 million settlement to resolve a nationwide class action lawsuit alleging that Defendant's Premier Protein ready-to-drink protein shakes may not include as much protein as their product labeling and advertising indicate.  Defendant denies that it did anything wrong.  The Court has not made any ruling on Defendant's liability, if any. With some exclusions, the settlement includes all persons in the United States who purchased Premier Protein ready-to-drink protein shakes from August 8, 2011 to [DATE].

If the United States District Court for the Southern District of New York approves the settlement, Defendant will pay $9 million into a Settlement Fund to pay Settlement benefits to Class Members, a service award to the Plaintiff, Class Counsel's fees, and costs relating to settlement administration.  Class Members who file a qualified claim with valid proof of purchase will be entitled to $1 per purchased shake up to $40.00 in cash, subject to pro rata adjustment.  Class Members without proof of purchase who file valid claims will be entitled to $0.50 per purchased shake up to $20.00 in cash, subject to pro rata adjustment.

Class Members may download a claim form or submit claims online at www.ProteinShakeSettlement.com.  Claims submitted electronically online must be filed by [CLAIM FILING DEADLINE], and hard copy claim forms must be postmarked by that date.

The Court will hold a hearing on [FINAL APPROVAL HEARING DATE] to consider whether to approve the settlement.  The Court may adjourn the date and time of this hearing at any time without further notice. Class Members may contact Class Counsel at (646) 837-7150 to confirm the date and time of the hearing.  Class Members have until [EXCLUSION/OBJECTION DEADLINE] to exclude themselves from, or object to, the settlement.

For more information, visit www.ProteinShakeSettlement.com or call 1-833-34-SHAKE (1-833-347-4253).

**EXHIBIT G**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH GREGORIO, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br> v.<br><br>PREMIER NUTRITION CORP.,<br><br>       Defendant. | Civil Action No. 17-cv-05987-AT |

<u>**STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS**</u>

  Plaintiff Joseph Gregorio and Defendant Premier Nutrition Corp. ("Defendant" or

"Premier") (collectively, "the Parties"), by and through and including their undersigned counsel,

stipulate and agree as follows:

  WHEREAS, Class Counsel and their law firms Bursor & Fisher P.A. and Barbat,

Mansour & Suciu, PLLC desire to give an undertaking (the "Undertaking") for repayment of

their award of attorneys' fees and costs, approved by the Court, and

  WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in

service of judicial economy and efficiency.

  NOW, THEREFORE, each of the undersigned Counsel, on behalf of themselves as

individuals and as agents for their law firm, hereby submit themselves and their respective law

firms to the jurisdiction of the Court for the purpose of enforcing the provisions of this

Undertaking.

  Capitalized terms used herein without definition have the meanings given to them in the

Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, Bursor & Fisher, P.A. and Barbat, Mansour & Suciu, PLLC and their shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Southern District of New York for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall within thirty (30) days repay to Defendant, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to Class Counsel from the Settlement Fund, including any accrued interest.

In the event the attorneys' fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel shall within thirty (30) days repay to Defendant, based upon written instructions provided by Defendant's Counsel, the attorneys' fees and costs paid to Class Counsel and/or Plaintiff from the Settlement Fund in the amount vacated or modified, including any accrued interest.  Class Counsel shall be liable up to the amount each received as payment from the Settlement Fund.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event Class Counsel fails to repay to Defendant any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of Premier, and notice to Class Counsel, summarily issue orders, including but not limited to judgments and

2

attachment orders against each of Class Counsel, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that they have both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of Bursor & Fisher, P.A. and Barbat, Mansour & Suciu, PLLC.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: ____Sept. 5____, 2018        BURSOR & FISHER, P.A.

_____
By: L. Timothy Fisher on behalf of Bursor & Fisher, P.A.
Attorneys for Plaintiff Joseph Gregorio

DATED: ____Sept. 5____, 2018        BARBAT, MANSOUR & SUCIU, PLLC

_____
By: Nick Suciu, III, on behalf of Barbat, Mansour & Suciu, PLLC

*Attorneys for Plaintiff Joseph Gregorio*

3

DATED __September 7__, 2018          PREMIER NUTRITION CORPORATION

_____

By: Aaron D. Van Oort

*Attorney for Defendant Premier Nutrition Corporation*

4