# BURSOR & FISHER
P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
**www.bursor.com**

**PHILIP L. FRAIETTA**
Tel: **646.837.7150**
Fax: **212.989.9163**
pfraietta@bursor.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2018

November 21, 2018

**By ECF:**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY  10007

Re:   *Gregorio v. Premier Nutrition Corp.*, Case No. 1:17-cv-05987-AT (S.D.N.Y.)

Dear Judge Torres:

We represent the Parties in the above-referenced action.  We write pursuant to Section I.B of your Honor's Individual Practices in Civil Cases to request permission to take both document and deposition discovery of Patrick Sweeney, a *pro se* objector to the proposed settlement.  *See* 9/14/18 Order, ECF No. 77 ¶ 21.  A true and correct copy of Mr. Sweeney's objection is attached hereto as **Exhibit A**.  Prior to filing this letter-motion, Class Counsel conferred with Mr. Sweeney by email, and Mr. Sweeney confirmed that he would voluntarily appear for a deposition.  The Parties seek to take discovery of Mr. Sweeney because the totality of the circumstances regarding Mr. Sweeney's objection raise serious concerns that Mr. Sweeney is not a bona fide class member, and thus, that he does not have standing to object to the proposed settlement.

**Mr. Sweeney Was Not Among The Over 7 Million Recipients Of The Class Notice And Has Not Filed A Claim**

Mr. Sweeney's objection states that "[u]pon information and belief," he "has reviewed that certain notice of class action and proposed settlement."  Ex. A at 1.  However, according to the Court-appointed Settlement Administrator, Mr. Sweeney was not among the over 7 million recipients of the notice.  *See* Declaration of Orran Brown Jr. ("Brown Decl.") ¶ 4, attached hereto as **Exhibit B**.  Moreover, Mr. Sweeney's objection states that "[h]e has filed a claim via the electronic form on the settlement website."  Ex. A at 1.  However, according to the Court-appointed Settlement Administrator, Mr. Sweeney has not filed a claim.  *See* Brown Decl. ¶ 5.

**Mr. Sweeney Is A Serial Objector And Serial Objector Counsel, Is Suspended From The Practice Of Law, And Has Been Convicted Of Felony Fraud**

Mr. Sweeney is a "professional objector."  *Larsen v. Trader Joe's Co.*, 2014 WL 3404531, at *7 n. 4 (N.D. Cal. July 11, 2014); *see also In re Carrier IQ, Inc., Consumer Privacy Litig.*, 2016 WL 4474366, at *5 (N.D. Cal. Aug. 25, 2016) ("Mr. Sweeney is a serial objector.").

"Serial" or "professional" objectors file objections merely to extort payments from parties or their counsel:

> Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic realities, professional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose behalf the appeal is purportedly raised, gains nothing.

*In re General Elec. Co. Secs. Litig.*, 998 F. Supp. 2d 145, 152 (S.D.N.Y. 2014) (Cote, J.) (quoting *Barnes v. FleetBoston Fin. Corp.*, 2006 WL 6916834, at *1 (D. Mass. Aug. 22, 2006)); *see also In re Public Offering Secs. Litig.*, 721 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (Scheindlin, J.) ("[P]rofessional objectors undermine the administration of justice by disrupting the settlement in hopes of extorting a greater share of the settlement for themselves and their clients.")

Judges are cautioned to "[w]atch out…for canned objections filed by professional objectors who seek out class actions to simply extract a fee by lodging generic, unhelpful protests." *Managing Class Action Litigation: A Pocket Guide for Judges*, by Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, p. 11 (2005). Courts across the country, including "in the Ninth Circuit have routinely discounted objections from such 'professional' objectors." *Retta v. Millennium Products, Inc.*, 2017 WL 5479637, at *7 (C.D. Cal. Aug. 22, 2017) (citations omitted). Indeed, Judge McMahon has stated "I have little time for 'professional objectors.'" *City of Providence v. Aeropostale, Inc.*, 2014 WL 1883494, at *2 (S.D.N.Y. May 9, 2014). Mr. Sweeney is not only a "serial objector," but he also acted as a serial objector counsel before he lost his ability to practice law in both Wisconsin and Florida.[1]

As a "serial objector" and "serial objector counsel," Mr. Sweeney has been criticized by numerous courts across the country. In *In re Polyurethane Foam Antitrust Litigation*, 178 F. Supp. 3d 635 (N.D. Ohio 2016), Judge Jack Zouhary described Mr. Sweeney as having "shown bad faith and vexatious conduct, both in prior cases and in this action, in the pursuit of a payoff." *Id.* at 640. Judge Zouhary further declared that the conduct of Mr. Sweeney and the other objectors "resembles scavenger ants on a jelly roll, scrambling to extort money from the approved settlements." *Id.* Other courts have similarly criticized Mr. Sweeney. *See, e.g., Chambers v. Whirlpool*, 214 F. Supp. 3d 877, 890 n.7 (C.D. Cal. 2016) (noting that Mr. Sweeney is "prolific in objecting to class action settlements" and "well-known for routinely filing

---

[1] https://www.wisbar.org/directories/pages/lawyerprofile.aspx?Memberid=1020435 (last visited October 15, 2018) (suspended); https://www.floridabar.org/directories/find-mbr/?lName=sweeney&lNameSdx=N&fName=patrick&fNameSdx=N&eligible=N&deceased=Y&firm=&locValue=&locType=C&pracAreas=&lawSchool=&services=&langs=&certValue=&pageNumber=1&pageSize=10 (last visited October, 15, 2018) (not eligible to practice).

meritless objections to class action settlements for the purpose of extracting a fee rather than to benefit the Class"); *Roberts v. Electrolux Home Prods., Inc.*, 2014 WL 4568632, at *12-15 (C.D. Cal. Sep. 11, 2014) (holding that "[t]he Court has considered the objections of Mr. Sweeney, overrules them in their entirety, finds that they are not made for the purpose of benefitting the Class, and finds that they are meritless in all respects."); *In re TRS Recovery Servs.*, 2016 WL 543137, at *6 n.16 (D. Me. Feb. 10, 2016) (overruling Sweeney's objection and stating his "listed objections are without merit and appear to be a form document"); *In re Carrier IQ, Inc.*, 2016 WL 4474366, at *5 (N.D. Cal. Aug. 25, 2016) (overruling objection by Mr. Sweeney and labeling him a "serial objector" who lacked standing to object because the phone number he "provided on his claim form was actually the same number his wife, Pamela Sweeney, previously swore was hers in another case."); *Brown v. Hain Celestial Group*, 2016 WL 631880, at *10 (N.D. Cal. Feb. 17, 2016) (noting that Mr. Sweeney is a "professional objector"); *Larsen*, 2014 WL 3404531, at *7 (overruling objections and recognizing that "attorney Patrick Sweeney also has a long history of representing objectors in class action proceedings"); *Martin v. Global Marketing Research Services, Inc.*, Case No. 6:14-cv-01290-GAP-KRS, Dkt. No. 139, at 2 (M.D. Fla. Nov. 4, 2016) ("Finally, the Court finds that the objection filed by Patrick Sweeney is frivolous and without merit."); *Goldemberg v. Johnson & Johnson Consumer Cos.*, 2017 WL 6729863, at *3 (S.D.N.Y. Nov. 1, 2017) (Román, J.) (finding that Mr. Sweeney's wife is a "serial professional objector to class settlements, raising serious concerns as to the legitimacy of both [her] arguments and [her] motives").

   Mr. Sweeney is also a convicted felon. On July 21, 2017, Mr. Sweeney pled guilty to a violation of 18 U.S.C. § 152(3) for bankruptcy fraud. *See* **Exhibit C** (11/22/17 Judgment in a Criminal Case). Mr. Sweeney committed bankruptcy fraud when he falsely listed embezzled funds from three companies, Fairview Ridge, LLC; Fairview Ridge II, LLC; and Fairview Ridge III, LLC, as "loans to debtor" after he filed for bankruptcy in 2013. *See* **Exhibit D** (7/12/17 Indictment of Patrick S. Sweeney). As part of Mr. Sweeney's plea deal, he was sentenced to five years probation and ordered to pay restitution in the amount of $481,970. *See* Ex. C at 6. At the sentencing hearing, Judge James Peterson stated that Mr. Sweeney "deserved a prison sentence" but instead received probation due to the needs of Mr. Sweeney's disabled son. *See* **Exhibit E** (11/17/17 WSJ Article).

**Mr. Sweeney's Objection Is A Cut-And-Paste Of His Objections To Other Class Action Settlements**

   Mr. Sweeney's objection in this case consists of nearly identical arguments from a multitude of other objections filed by him in the past. In fact, it appears that Mr. Sweeney has simply cut-and-pasted from his prior objections in other cases as virtually all of his grounds for objecting are word-for-word identical to objections he has made in other cases. *See* **Exhibit F** (collection of Mr. Sweeney's objections in other cases). As a result, many of Mr. Sweeney's purported "objections" to the proposed settlement are not even applicable. For instance, Mr. Sweeny protests that "Attorney fees do not depend upon how much relief is actually paid to the Class Members." Ex. A at 3 ¶ 4. However, Class Counsel has negotiated a common fund settlement and their attorneys' fees will be paid out of that fund. As such, Class Counsel's fees <u>do</u> depend upon how much relief is paid to the Class. Indeed, Class Counsel have requested one-third of the $9 million settlement fund because of the extraordinary results they have achieved in

this case. *See* Plaintiff's Motion For Attorneys' Fees, Costs, Expenses, And Incentive Award, ECF No. 80.

In sum, the totality of the circumstances regarding Mr. Sweeney's objection raise serious concerns that Mr. Sweeney is not a bona fide class member. Therefore, the Court should permit the Parties to take discovery of Mr. Sweeney.

Very truly yours,

*/s/ Philip L. Fraietta*

Philip L. Fraietta, Class Counsel

*/s/ Aaron Van Oort*

Aaron Van Oort, Defendant's Counsel

Enclosures

CC:   All counsel of record (via ECF)
      Patrick S. Sweeney (via email)

GRANTED.  By **December 4, 2018**, the parties shall depose Patrick Sweeney.

SO ORDERED.

Dated: November 21, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge