UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JOSEPH GREGORIO, et al.<br>Plaintiffs,<br>v.<br>PREMIER NUTRITION CORP.,<br>Defendant. | No. 1:17-cv-05987-AT<br><br>Judge Analisa Torres |

## OBJECTION TO CLASS COUNSEL'S MOTION FOR ATTORNEY'S FEES

Pursuant to FRCP 23(h)(2), Class member Dave Mager ("Mager") hereby opposes Class Counsel's Motion for Attorney's Fees (Doc. 85). In compliance with the class notice, Mager has attached proof of his class membership as Exhibit A. This transaction detail proves Mager purchased two Premiere Protein shakes at Costco Store No. 1226 (located at 6720 Bass Pro Road, Hudson, Ohio 44236) on September 25, 2018. Mager also submitted an online claim form on December 7, 2018 (Confirmation No. 758788019).

In light of Class Counsel's claimed lodestar of $608,937.30, Class Counsel should receive a fee of no more than $1.8 million, or 20% of the total cash value of this settlement. The current request for one-third of the Settlement Fund represents an absurd and excessive lodestar multiplier of 4.88. Class Counsel should receive no more than a $1.8 million fee in this short-duration, low-risk lawsuit, yielding a more reasonable multiplier of 2.95. When fees are taken from the class recovery, the award should be set at "the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Albany*, 493 F.3d 110 (2d Cir. 2007). Because "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively", the Second Circuit warned "the district court (unfortunately) bears the burden of disciplining the market". (*Id*. at 112, 118). To

1

avoid a windfall, several factors must be carefully considered. *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000). Even a percentage award can become excessive under these measures. *In re Philip Servs. Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 101427 (SDNY 2007) (noting that settlements in the $50-$75 million range traditionally award fees in the 11% to 19% range).

Class counsel's lodestar serves as a crosscheck on the reasonableness of a percentage request. In *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503 (EDNY 2003), the court called a request for a multiplier of almost 10 "absurd". (*Id.* at 522-524). Despite finding each *Goldberger* factor "compels the award of an extraordinary fee", the Court still reduced the multiplier to 3.5. (*Id.*). Against this backdrop, Class Counsel's request for a lodestar multiplier of 4.88 is equally absurd. While it is "toward the high end of acceptable multipliers" (*Davis v. J.P. Morgan Chase & Co.,* 827 F. Supp. 2d 172, 185 (W.D.N.Y. 2011)), few of the *Goldberger* factors justify an "extraordinary fee". A 2.95 multiplier after <u>four months</u> of procedural posturing rivals *Visa Check's* multiplier after <u>seven years</u> of hard-fought litigation. Awarding 20% of the common fund in attorneys' fees is more than adequate to disgorge the class of unjust enrichment.

Nothing in the record justifies a fee beyond the minimum necessary. "The first, and most important [] factor is the risk in pursuing the case." *Bristol- Myers*, 361 F. Supp. 2d at 233 (*citing Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 54 (2d Cir. 2000). From the outset, it was obvious Class Counsel saw little risk to litigating this case. According to this Court's initial scheduling order:

> On July 24, 2017, Plaintiff sent Defendant a pre-suit warning letter. (See Dkt. 1, Ex. A.) Defense counsel was hired on August 8, 2017. ***Defense counsel immediately contacted Plaintiff's counsel to discuss settlement in order to seek an early resolution to the matter and avoid the cost and burden of litigation*** and explained that once the case were filed,

2

> Defendant would be focused on defense issues instead of settlement possibilities. Plaintiff refused to engage in any settlement discussions and instead filed suit that same day. (emphasis added)

(Doc. 27 at 3). Instead, shortly after filing suit, the parties agreed to retain a private mediator after briefing class certification in order to revisit Defendants' offer. (Id. at 3-4). As a result, less than <u>four months</u> passed between filing and settlement. Most of the 85 docket entries throughout this brief span are notices, correspondence, *pro hac vice* applications, minute orders, transcripts and clerk actions. (Doc. 89 at 4).

This is nowhere near the level of risk and pre-trial activity required to justify awarding one-third of the common fund for Class Counsel's efforts. In *Philip Servs.*, the case was dismissed in favor of litigation in Canada, and the plaintiffs were forced to win on appeal to salvage the case. Furthermore, the issuer went bankrupt during the proceedings. (*Id*. at *14). Even against this backdrop, this Court awarded a multiplier of only 1.37. (*Id*. at *17). This case did not pose a fraction of the risk that *Philip Servs.* did, and was resolved in 4 months of procedural jockeying. Class Counsel should not receive a multiplier here as high as the one this Court awarded in *Philip Servs.*, not only because they faced less risk, but also because their recovery is limited by "a proper proportion in relation to the total benefit produced to the class for whose benefit the services were rendered." *Id*. at *16.

## **CONCLUSION**

Wherefore, Mager prays that this Court award Class Counsel fees of no more than 20% of the total cash value of $9 million (i.e. $1.8 million). If the Court agrees, Mager will also request an appropriate fee award for enhancing the settlement. Finally, Mager will not attend the fairness hearing—either personally or through counsel.

Respectfully submitted,

Dave Mager,

By his attorney,

/s/ George W. Cochran
George W. Cochran
LAW OFFICE OF GEORGE W. COCHRAN
1385 Russell Drive
Streetsboro, Ohio 44241
Tel: (330) 607-2187
Fax: (330) 230-6136
lawchrist@gmail.com

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that the foregoing document was filed via the ECF filing system on December 11, 2018, and that as a result electronic notice of the filing was served upon all attorneys of record.

                                             /s/ George W. Cochran
                                             George W. Cochran

```
 9:38:28   12/10/18        Sales Audit - Transaction Detail      INP2709    PAGE     1

        Warehouse:    1226
        Sales Date:   9/25/18       Reg#:      4   Trans Type:   Tender
              Time:   16:17         Tran#:   303   Tender:
        Total:       139.03         Operator:  9   Block:
  Member #: 000111862611090 MAGER, DAVE              Mbr Type: Gold Star
         Tax:    5.13                              Resale Total:

FSA/
EBT   Item  Description                         Amount    Units  TxFl
 E   321063 KS MIXED NUTS W/MACS 40OZ            17.99      1
 E  1079783 PREMIER VANILLA RBST FREE            24.99      1
            /1079783  2100001923877               5.00-     1-
 E  1079784 PREMIER CHOCO  RBST FREE             24.99      1
            /1079784  2100001923891               5.00-     1-
      85852 MUM 14" HARDY                        13.99      1   A
      85852 MUM 14" HARDY                        13.99      1   A
    1071952 GV AMANDA DENIM JEAN                  4.97      1   A
    1077489 KHOMBU LADIES ALL WEATHER            24.99      1   A
    1071412 UB TECH MENS TRAVEL PANT             17.99      1   A

            COSTCOVISA #2291                    139.03


*** END OF REPORT ***
```

EXHIBIT A