**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOSEPH GREGORIO, individually and on behalf of all others similarly situated,

                      Plaintiff,

     v.

PREMIER NUTRITION CORPORATION,

                      Defendant.

Civil Action No. 1:17-cv-05987-AT

---

### [PROPOSED] FINAL JUDGMENT AND
### ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a class action is pending before the Court entitled *Gregorio v. Premier Nutrition Corporation*, No. 1:17-cv-05987-AT; and

WHEREAS, Plaintiff Joseph Gregorio and Defendant Premier Nutrition Corporation have entered into a First Amended Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Amended Settlement Agreement") (Dkt. 73-1); and

WHEREAS, on September 14, 2018, the Court granted Plaintiff's Motion for Preliminary Approval of First Amended Class Action Settlement, conditionally certifying a Class pursuant to Fed. R. Civ. P. 23(b)(3) of "all persons in the United States (including its states, districts, or territories) who purchased Premier Protein Ready-To-Drink Protein Shakes from August 8, 2011 to the Notice Date [October 12, 2018]." (Dkt. 77 ¶ 9); and

WHEREAS, the Court has considered the Parties' First Amended Class Action Settlement Agreement (Dkt. 73-1), as well as Plaintiff's Motion for Final Approval of the First Amended Settlement Agreement (Dkt. 94), Plaintiff's Motion for Attorneys' Fees, Costs,

Expenses, And Incentive Award (Dkt. 80), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on January 17, 2019, and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' First Amended Class Action Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3.      The notice provided to the Settlement Class pursuant to the Settlement Agreement (Dkt. 73-2) and order granting Preliminary Approval (Dkt. 77) – including (i) direct notice to the Settlement Class via email and U.S. mail, based on the comprehensive Settlement Class List provided by Defendant and third parties Sam's Club and Costco pursuant to subpoena, (ii) the creation of the Settlement Website, (iii) a press release through Cision/PR Newswire, and (iv) internet banner advertisements – fully complied with the requirements of Fed. R. Civ. P. 23 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Amended Settlement Agreement, and their right to appear at the Final Approval Hearing.

4.      135 individuals – listed in Exhibit 13 to the December 28, 2018 Declaration of Orran L. Brown, Sr. (Dkt. 96-13) – have submitted timely requests for exclusion and are therefore excluded from the Settlement Class.

5.      The Court finds that Defendant properly and timely notified the appropriate government officials of the Amended Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The Court has reviewed the substance of

Defendant's notice, and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

6. This Court now gives final approval to the Amended Settlement Agreement, and finds that the Amended Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Amended Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Amended Settlement is the result of arms'-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Amended Settlement Agreement, implicit or otherwise.

7. Seven members of the Settlement Class submitted objections to the Amended Settlement Agreement. Having carefully considered those objections and all the arguments raised therein, the Court overrules the objections for the reasons set forth in Plaintiff's Motion for Final Approval of the First Amended Settlement Agreement (Dkt. 94), and in Plaintiff's Reply Memorandum of Law In Support of Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, and Incentive Award (Dkt. 93).

8.      The Court has specifically considered the factors relevant to class action

settlement approval, including:

> (1) the complexity, expense and likely duration of the litigation;
> (2) the reaction of the class to the settlement; (3) the stage of the
> proceedings and the amount of discovery completed; (4) the risks
> of establishing liability; (5) the risks of establishing damages; (6)
> the risks of maintaining the class action through trial; (7) the
> ability of defendants to withstand a greater judgment; (8) the range
> of reasonableness of the settlement fund in light of the best
> possible recovery; and (9) the range of reasonableness of the
> settlement fund to a possible recovery in light of all the attendant
> risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974); *see also* Fed. R. Civ. P. 23(e)(2).

9.      The Court finds that the Class Representative and Class Counsel adequately

represented the Settlement Class for the purposes of litigating this matter and entering into and

implementing the Amended Settlement Agreement.

10.     Accordingly, the Amended Settlement is hereby finally approved in all respects.

11.     The Parties are hereby directed to implement the Amended Settlement Agreement

according to its terms and provisions.  The Amended Settlement Agreement is hereby

incorporated into this Final Judgment in full and shall have the full force of an Order of this

Court.

12.     This Court hereby dismisses the Action, as identified in the Amended Settlement

Agreement, on the merits and with prejudice.

13.     Upon the Effective Date of this Final Judgment, Plaintiff and each and every

Settlement Class Member who did not opt out of the Settlement Class (whether or not such

members submit claims), including such individuals' respective present or past heirs, executors,

estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries,

associates, affiliates, employers, employees, agents, consultants, independent contractors,

insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations shall be deemed to have released Defendant, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined in the Amended Settlement Agreement), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, relating in any way to the claims asserted or the factual allegations made in the Second Amended Complaint in this Action (Dkt. 57), the nutrient content, or the labeling of the Premier Protein Shake Products, including without limitation the marketing, advertising, promotion, or distribution of the Premier Protein Shake Products and the purchase of any of the Premier Protein Shake Products at any time on or after August 8, 2011 to October 12, 2018.

14. Upon the Effective Date of this Final Judgment, the above release of claims and

the Amended Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

15.     The Court has also considered Plaintiff's Motion For Attorneys' Fees, Costs, Expenses, And Incentive Award, as well as the supporting memorandum of law and declarations (Dkts. 80-85), and adjudges that the payment of attorneys' fees and costs in the amount of $3,000,000.00 is reasonable in light of the multi-factor test used to evaluate fee awards in the Second Circuit. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). This award includes Class Counsel's and Supporting Counsel's unreimbursed litigation costs and expenses. *See* Dkt. 85 at 8. Such payment shall be made pursuant to and in the manner provided by the terms of the Amended Settlement Agreement.

16.     The Court has also considered Plaintiff's Motion, memorandum of law, and supporting declarations for an incentive award to the Class Representative, Joseph Gregorio. *See* Dkt. 85 at 21-22. The Court adjudges that the payment of an incentive award in the amount of $5,000 to Mr. Gregorio to compensate him for his efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Amended Settlement Agreement.

17.     All payments made to Settlement Class Members pursuant to the Amended Settlement Agreement that are not cashed within one hundred eighty (180) days of issuance shall

revert to Feeding America, which the Court approves as an appropriate *cy pres* recipient.  Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

18.     The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Amended Settlement Agreement and its implementing documents (including all exhibits to the Amended Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

19.     Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Amended Settlement Agreement.

20.     This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.


IT IS SO ORDERED, this _____ day of _____, 2019.


_____
The Honorable Analisa Torres
United States District Judge